[No. 8056. Department Two. September 29, 1909.]

EMMA PRINGLE, *Respondent*, v. T. N. PRINGLE, *Appellant*.[1]

APPEAL—DECISIONS REVIEWABLE—FINAL ORDERS. An order requiring the payment of suit money as a condition precedent to the hearing of a petition to vacate a fraudulent judgment of divorce, in default of which the opposing party might move for a dismissal of the petition, is appealable, under Bal. Code, § 6500, authorizing appeals from final judgments or orders which in effect determine the action or prevent a final judgment therein.

APPEAL—REVIEW—DISCRETION. The discretion of the court in imposing terms as a condition precedent to the vacation of a default judgment, is not an arbitrary one that may not be reviewed on appeal.

DIVORCE—JUDGMENT—VACATION—IMPOSITION OF TERMS. Where a default judgment of divorce was secured by a wife through fraud, and all the property was awarded to her and in her possession, and it does not appear that the husband has any means, it is error to require the husband to pay $50 suit money as a condition precedent to the prosecution of a petition to vacate the decree.

Appeal from an order of the superior court for Mason county, Mitchell, J., entered January 23, 1909, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action to vacate a decree of divorce. Reversed.

*W. H. Abel* and *O. M. Nelson*, for appellant.

*E. N. Steele*, for respondent.

PER CURIAM.—We are met at the threshold of this case with a motion to dismiss the appeal. It is urged that the order from which the appeal is prosecuted is not final. It is

[1]Reported in 104 Pac. 135.

true that no order of dismissal was entered by the court below, but the order made (from which we will hereafter quote) was effectual to conclude the rights of the appellant. The order does not involve the merits of the controversy so as to be reviewable on appeal from a final judgment. The finality of an order should be determined by its legal effect rather than by reference to its form, and when so considered the order of the court is well within the provisions of Bal. Code, § 6500 (P. C. § 1048).

Respondent began an action in Mason county against appellant, and obtained a decree of divorce upon constructive service. The proceedings appear to be regular. A return that appellant could not be found in either Mason or Chehalis county was made by the respective sheriffs of those counties. A trial was had and a decree rendered, in which it was adjudged that respondent was entitled to a divorce and all of the property belonging to the community, as well as the custody of the children. Within the statutory period of time allowed for the vacation of judgments by petition, appellant petitioned the court for an order vacating the decree and asking leave to defend the action. The basis of his petition rested upon the asserted fact that he had at all times during the pendency of the action resided in Chehalis county; that his place of residence and postoffice address were well known to respondent; that such proceedings were had in the principal case that the court was misled and imposed upon so that a fraud was perpetrated upon appellant and upon the court.

This petition was met by respondent with a motion for an order allowing attorney's fees and suit money. This motion was supported by affidavits showing her present financial inability to resist the petition. While the transcript shows the technical regularity of the service, the paramount fact that respondent at all times knew of the whereabouts and place of residence of appellant was not denied by her. The affidavits filed in support of the motion were met by a counter

affidavit of appellant showing that respondent was in possession of all of the property belonging to the community, both real and personal, while he was without means and ability to comply with the demands of respondent. The motion being heard, the court made an order denying the rights of appellant to be heard unless he met the terms imposed by the court. The material parts of the order are as follows:

"That the defendant be and he is hereby required to pay into the above entitled court for the use and benefit of the plaintiff, before he is permitted to proceed further with his petition to open up the judgment and decree herein, and before the plaintiff is required to make her showing in resistance thereto, the sum of $50 as an attorney's fee, and the further sum of $25 as suit money. The said money to be paid into the above entitled court by the said defendant within 20 days from this date, and if not so paid then the said petition of the defendant may be refused and dismissed upon motion of the plaintiff. This order not to interfere with or prevent such further order as the court may adjudge."

The position of respondent is that the imposition of terms is a matter resting in the sound discretion of the trial court, and she further sustains her contention by reference to Bal. Code, § 5722 (P. C. § 4636), wherein it is provided that the court may make a proper allowance for suit money and attorney's fees in behalf of a wife seeking a divorce. It is the general rule that the imposition of terms, as a condition precedent to the vacation of a judgment, is a matter within the sound discretion of the trial court; but the rule is not absolute, nor is the discretion arbitrary so as to prevent a review in a proper proceeding. While at common law and under the accepted practice of our courts, the court has the right to impose terms, it has never been held to be the law that terms that were oppressive or unjust could be imposed at the will of the court, nor is the right of a wife to suit money and attorney's fees an absolute right. While the section of the statute relied upon seems to have been drawn prior to the

enactment of the community property law, it must be construed with reference to it. Its object was to insure the wife an efficient preparation of her case and maintenance pending the trial. If she be otherwise provided for or have property in her own right, there can be no reason for the assertion of the right to an allowance out of the separate property of her husband, or to put upon him the burden of maintaining the suit. In the case at bar, the record shows that all of the property of the community, whatever it may be, is in the custody of the respondent, and there is nothing to show that appellant has any means whatever. All orders imposing terms should be made in furtherance of justice. `Prima facie` the order of the court was unwarranted and arbitrary.

This case is not to be measured by the general rules applying where a party is relieved as an act of grace or favor from a situation arising from laches or inattention. The nature of the attack, as well as the character of the case, invites investigation on the part of the court, and all orders, although warranted by facts which may be subsequently developed, should be postponed until the jurisdiction of the court is determined. In the recent case of *Holcomb v. Holcomb*, 53 Wash. 611, 102 Pac. 653, we held that financial inability would excuse the payment of alimony. It would seem that in like principle a party should not be barred of the right to have the legality of a judgment inquired into because of inability to meet the payment of terms assessed as suit money and attorney's fees. But the principle involved strikes deeper than would appear upon first impression. The decree was not merely irregular but, if the facts asserted by appellant be true, was a fraud upon the court. Upon suggestion of this, a court should promptly make such inquiry and finding as will protect and preserve the integrity and sanctity of its decrees, and this without reference to the relative rights and duties of the parties. Then, too, this is a divorce case in which the public has an interest, and this alone, coupled with a challenge to the jurisdiction of the

court, affords sufficient grounds for hearing the complaint of appellant without terms and unconditionally. *Graham v. Graham,* 54 Wash. 70, 102 Pac. 891. The supreme court of California in the case of *Cottrell v. Cottrell,* 83 Cal. 457, 23 Pac. 531, in passing upon a question like unto the one now before us, adopted the following apt statement of the law from the case of *McBlain v. McBlain,* 77 Cal. 507, 20 Pac. 61:

"The parties to the action are not the only people interested in the result thereof. The public has an interest in the result of every suit for divorce; the policy and letter of the law concur in guarding against collusion and fraud; and it should be the aim of the court to afford the fullest possible hearing in such matters."

The first question for the court to determine is, not whether appellant has a cause of action, but whether a fraud has been practiced upon the court. Bal. Code, § 5159 (P. C. § 1041).

We express no opinion upon the merits, but reverse and remand the case with instructions to the lower court to inquire into the regularity of its former proceedings, and thereupon to make such order and disposition of the case as the facts may warrant.