[No. 8154.  Department Two.  December 2, 1909.]

## A. C. CHANEY, *Respondent*, v. ELIZABETH CHANEY, *Appellant*.[1]

APPEAL—NOTICE—CERTAINTY.  An appeal from a final order dismissing a petition to vacate a judgment will not be dismissed because of uncertainty in references in the notice of the appeal to previous orders in the proceeding.

APPEAL—RECORD—AFFIDAVITS.  Affidavits attached to and made a part of a petition to vacate a judgment are properly part of the transcript on appeal, without being brought up by a statement of facts, when they were not used or brought up as evidence.

DIVORCE—VACATION—GROUNDS—JURISDICTION.  Under Bal. Code, § 5153, subdiv. 4, the superior court has jurisdiction to vacate a decree of divorce procured by fraud, regardless of whether the service was personal or by publication; although Bal. Code, § 4880, authorizing the opening of default judgments for the purpose of defending the action within one year, when secured on service by publication, expressly excepts judgments for divorce.

SAME—PETITION—SUFFICIENCY.  A petition to vacate a decree of divorce on the ground of fraud, filed in the action, is not demurrable for failure to set out the decree, where it leaves no uncertainty as to the nature of the decree, the grounds therefor, the parties, court, and date.

SAME—FRAUD.  Fraud, warranting the vacation of a decree of divorce, is shown by a petition alleging that a husband sent his wife cash, promising to join her, and three months later commenced an action for divorce, securing service by publication and mailing to a wrong address, at the same time writing her many letters and keeping her in ignorance of the action, of which she had no notice until after the decree.

Appeal from orders of the superior court for King county, Tallman, J., entered February 6, 1909, upon sustaining a demurrer, dismissing a petition to vacate a decree.  Reversed.

*Willett, Oleson & Willett* and *Benj. M. Levine*, for appellant.

*Fred C. Brown*, for respondent.

[1]Reported in 105 Pac. 229.

PARKER, J.—This is an appeal from orders of the superior court sustaining respondent's general demurrer to and dismissing appellant's petition, upon her refusal to plead further, wherein she seeks to have vacated a decree of divorce, rendered against her in this action, upon the ground of fraud in obtaining the same. The petition is entitled and filed in the original action, and the allegations thereof which we deem necessary to notice, are as follows:

"That on May 29, 1908, plaintiff commenced the above entitled action for divorce against this defendant, charging this defendant with being guilty of cruelty and personal indignities toward the plaintiff, rendering his life burdensome, and that this defendant struck plaintiff, and that she has a violent and ungovernable temper, and other allegations as appear in the complaint in this action.

"That on May 28, 1908, plaintiff herein made an affidavit in words and figures as follows, to wit: 'A. C. Chaney being first duly sworn, on oath deposes and says: . . . that the defendant is a resident of No. 3203 Prairie Avenue, Chicago, Illinois; that plaintiff has deposited at the United States Post Office, at Seattle, Washington, an exact copy of the original summons and complaint herein, in a sealed envelope, with postage prepaid, and addressed to the defendant at No. 3203 Prairie Avenue, Chicago, Illinois. This affidavit is made in support of the plaintiff's motion for an order for the service of the summons by publication of the summons herein.'

"That on the said affidavit the court in this case entered an order granting leave to publish summons, in words and figures as follows, to wit: [Here follows the order.]

"That thereupon the plaintiff in this case proceeded to serve the defendant, this petitioner, with summons by publication, and that he published a summons for seven consecutive weeks, commencing May 29, 1908, and ending July 10, 1908, and that the said summons was in words and figures as follows, to wit: [Here follows copy of the summons which appears to be in due form.]

"That thereafter such proceedings were had in said cause that an order of default was entered herein on July 29, 1908.

. "That thereafter this action came on to be heard on August 4, 1908, before the Honorable Arthur E. Griffin, one of

the judges of the above entitled court, as an undefended divorce case, and that at said action plaintiff gave evidence in support of the allegations of his complaint, but that the defendant was not present, and was not represented in said action, and had no knowledge that such a hearing was being held.

"That thereupon the court on August 4, 1908, made and entered findings of fact and conclusions of law and decree, granting to the plaintiff in this action a divorce from the defendant, on the grounds of cruelty and personal indignities.

"That said divorce was procured by the plaintiff herein by fraud, in this, to wit, . . . That from May 2, 1900, to February 29, 1908, this plaintiff and defendant lived and cohabited together as husband and wife, and that on Feb. 29, 1908, with the plaintiff's knowledge and consent, and under his direction, this defendant bade the plaintiff goodbye for Chicago, at the railway station at Everett, Washington, at which time the plaintiff told this defendant that he intended to sell out his tea and coffee routes in Seattle, Washington, in a few days, after which he would immediately go east, and either call or send for this defendant to resume housekeeping and living together in some eastern city, and that he would also send this defendant money for her support and maintenance; that since said Feb. 29, 1908, plaintiff has sent this defendant five small remittances, totaling $17, and that between Feb. 29, 1908, and August 1, 1908, the defendant has received from the plaintiff thirty-seven letters, in none of which did he mention in any way the matter of divorce; that this defendant had no notice of any kind direct, or indirect, that suit for divorce had been instituted or was pending in this court, or elsewhere, or that any such action was contemplated, until Saturday, August 29, 1908, when she received through the mails, a copy of the Seattle Daily Bulletin dated August 5, and from which she discovered that a decree of divorce had been granted herein to plaintiff in this action, whereupon she at once consulted an attorney, and on Sept. 25, 1908, she received copies of the papers in this cause, which was the first complete information of this action that ever came to her attention.

"This defendant further alleges that she never received any summons and complaint herein, or any notice of any kind, and had no knowledge whatever that a copy of the

summons and complaint herein was mailed to her, and further states that she has not resided at No. 3203, Prairie Avenue, Chicago, Illinois, since the first day of June, 1908, on which date she left said address for No. 3218 Calumet Avenue, Chicago, Illinois, where she resided until June 29, 1908, when she went to reside at her present address, No. 3358, Prairie Avenue, Chicago, Illinois, and where she now resides with Maurice Chaney, a brother of the plaintiff herein, and his wife and family; and that the plaintiff herein was kept informed continuously of the correct address of this defendant, and knew of the changes in location made by this defendant.

"That defendant further states that she has made diligent inquiry at No. 3203, Prairie Avenue, and at the Chicago Post Office since the said 25th day of September, 1908, for the said copy of summons and complaint, and has obtained no information that said summons and complaint was ever at said address or in the City of Chicago; and affiant alleges and believes that no such summons and complaint was ever mailed to her, and that none was ever delivered to any address in the city of Chicago, and that during the time the said summons was published, the plaintiff and defendant were corresponding, and defendant was receiving from plaintiff letters correctly addressed to her respective street numbers."

There are other allegations which we think are sufficient to constitute a defense upon the merits. This petition is verified by one of petitioner's attorneys on account of her nonresidence and absence from the state. There are attached to the petition, and made part thereof, affidavits signed by the petitioner herself, wherein are stated substantially the same facts alleged in the formal part of the petition, except the facts shown by the record and files in the case leading up to the rendering of the decree of divorce. The prayer is that the decree be vacated and she be granted an opportunity to defend the action. This petition was filed November 19, 1908, only a little more than three months after the rendering of the decree, which in the light of the allegations render it plain she moved promptly.

Counsel for appellant moves to dismiss the appeal because of certain technical defects in the record and notice of appeal,

whereby it becomes uncertain as to whether it was an original or amended petition to which the demurrer was sustained when appellant elected to stand upon her petition. In the notice of appeal it is stated, among other things, that the appeal is taken from the order sustaining the demurrer to the "amended petition"; and counsel argues that the record fails to show any such petition or order. It is plain, however, from the record and final order of dismissal, that a general demurrer to "a petition," which we must presume is the one we find in the record, was sustained and the appellant thereupon elected to stand upon her petition, and for that reason the proceeding was finally dismissed. The notice further plainly states that the appeal is taken from this final order, so the apparent erroneous reference in the notice to previous orders, which were not final, is immaterial. The motion to dismiss is denied.

Counsel moved to strike from the transcript the affidavits of appellant attached to her petition, resting the motion upon the decision of this court in *Whidby Land & Development Co. v. Nye*, 5 Wash. 301, 31 Pac. 752. If this case were brought here for review upon the merits, and these affidavits were attempted to be used as a part of the evidence without being made part of the record by bill of exceptions or statement of fact, as seems to have been attempted in that case, there would be merit in this motion. But these affidavits are attached to and made part of the petition, they constitute a part of the petitioner's statement of her cause of action, and the statements therein made cannot be stricken any more than statements in the body of the petition can be, and only for similar cause.

We are next confronted with the question of the jurisdiction of the superior court, in the light of Bal. Code, § 4880 (P. C. § 338), and the case of *Metler v. Metler*, 32 Wash. 494, 73 Pac. 535, construing that section, upon the authority of which, it is stated in appellant's brief, the learned trial court disposed of this proceeding. Sections 4878 and 4879

(P. C. §§ 336, 337), relate to the manner of serving summons by publication, the latter providing that, "Personal service on the defendant out of the state shall be equivalent to service by publication." It is then provided by § 4880:

"If the summons is not served personally on the defendant in the cases provided in the last two sections, he or his representatives, on application and sufficient cause shown, at any time before judgment, shall be allowed to defend the action and, except in an action for divorce, the defendant or his representative may in like manner be allowed to defend after judgment, and within one year after the rendition of such judgment, on such terms as may be just."

Commenting upon this section in the *Metler* case, the court said:

"It is evident that it was the intention of the legislature by this section to limit the right of a defendant to defend in an action for divorce to a time prior to the entry of the judgment, while it continued the right to defendants in other actions for a period of one year after that time. This means that the trial court has no control over an action for divorce after it has once rendered a decree therein; that while it may vacate judgments in other actions, for good cause shown, if application be made to it within one year, it has no such power over a judgment rendered in an action for divorce. The court can, of course, lawfully vacate such a decree when entered without jurisdiction, and perhaps where it is the result of fraud practiced on the court or the other spouse, but for reasons which ordinarily call for the exercise of a mere judicial discretion it has no such power."

While the court there fully recognized that this section gave to the superior court power to open a cause to let in a defense after judgment, where the service had been by publication, and withheld such power as to divorce decrees, it seems plain to us there was no intention of holding that fraud in obtaining a divorce decree could not be shown as a ground for its vacation. Indeed, the language of the opinion seems to assume to the contrary, though that question does not appear to have been in that case. It will be noticed that this

section relates only to judgments and decrees rendered upon service by publication, its purpose evidently being to give to parties having judgments and decrees rendered against them upon such service, other than in divorce cases, an opportunity to appear and defend at any time within one year thereafter, when they can show any sufficient cause within the discretion of the court rendering such judgment or decree. Fraud would of course be one good cause, but there might be many other causes, sufficient under this section, which would not be if there were no such provision. It did not take away any rights possessed by parties having judgments rendered against them, but gave additional rights to parties having judgments rendered against them upon service by publication. In the absence of this provision, a judgment rendered upon service by publication could not be set aside for any different reason than could other judgments. This section is not the whole law upon the subject of setting aside divorce decrees, simply because such decrees are excluded from its operation. *Graham v. Graham*, 54 Wash. 70, 102 Pac. 891.

This petitioner does not have, nor does she seem to be claiming, any greater rights because the fraud which she alleges was perpetrated upon her was in a cause where the decree purports to have been rendered upon service by publication instead of some other kind of service. The effect of the fraud upon her rights is in no way controlled by the kind of service purported to have been made. And we do not think this petition shows want of jurisdiction in the superior court simply because it may allege a cause for vacating the decree under this section if it were not a divorce decree. It also may show facts constituting fraud sufficient for vacating the decree independent of this section, and this brings us to that question.

The general law relating to the vacation of judgments, being sections 5153-5162 of Ballinger's Code (P. C. §§ 1033-1042), among other things, provides:

"Sec. 5153. The superior court in which a judgment has been rendered, or by which or the judge of which a final order has been made, shall have power, after the term (time) at which such judgment or order was made, to vacate or modify such judgment or order: . . .

"4. For fraud practiced by the successful party in obtaining the judgment or order. . . .

"Sec. 5156. The proceedings to obtain the benefit of subdivisions two, three, four, five, six and seven of section 5153 shall be by petition verified by affidavit, setting forth the judgment or order, the facts or errors constituting a cause to vacate or modify it, and if the party is a defendant, the facts constituting a defense to the action; . . . . "

It is contended that this petition fails to set forth the decree which is sought to be vacated, and that the petition cannot be aided by the previous record in the cause, since the proceeding is in the nature of an independent action, as was suggested by this court in the case of *Roberts v. Shelton Southwestern R. Co.*, 21 Wash. 427, 58 Pac. 576, upon which counsel for respondent relies. We do not understand that decision to hold that the judgment or decree sought to be vacated must be set forth in the petition by a copy thereof, as seems to be the contention. An examination of that decision will show a total failure to set out the judgment sought to be vacated. At page 435, the court said:

"Now it will be observed that the petition in this instance fails entirely to set forth the judgment and decree complained of, or, except by inference, that any judgment or decree in which the appellant was interested was rendered at all."

It cannot be said there is any such uncertainty in the setting out of the judgment in this petition. A petition in this kind of a proceeding is simply the statement of the petitioner's cause of action, as if it were a complaint, in which it becomes necessary to set forth the judgment sought to be vacated. We are unable to see why, in such a pleading, the decree sought to be vacated should be set forth with any

greater certainty than when necessary to plead it in an ordinary civil action. The allegations of this petition leaves no uncertainty as to the nature of the decree, the grounds upon which it was rendered, the party in whose favor and the party against whom it was rendered, the court in which it was rendered, and the date on which it was rendered. The authorities seem to be uniform to the effect that nothing more is required. 2 Black, Judgments (2d ed.), 964; 11 Ency. Plead. & Prac., p. 1126.

Are the allegations of fraud in this petition sufficient to constitute a cause for the relief prayed for? That is, are they sufficient in law to entitle the petitioner to offer proof in support thereof. A brief summary of the main facts alleged may be stated as follows: The petitioner by the direction and consent of plaintiff went from this state to Chicago, February 29, 1908, with the mutual understanding that he would join her, and they would resume housekeeping in some eastern city. The divorce proceeding was commenced May 29, only three months later, by the publication of a summons in which a decree was rendered August 4, 1908. The petitioner never learned of or had any intimation of the pendency of the action or rendering of the decree until August 29, 1908. She never received any copy of the summons or complaint through the mail although, from the time she went away, up until August 29, she received from respondent thirty-seven letters, a large number of which were written after the action was commenced, among them being letters dated May 21, May 25, June 3, 9, 14, and 19, 1908. It will be noticed that respondent's affidavit of mailing the summons and complaint was May 28, yet they were not received by her, notwithstanding she received these numerous letters sent her very near the same time, both before and after. After alleging these and other circumstances indicating that she was fraudulently prevented from making her defense, she says in her petition that she "alleges and believes that such

summons and complaint was never mailed to her." It seems
to us these allegations constitute sufficient pleading of a cause
for the relief for which the petitioner prays. We are of the
opinion that the sustaining of the demurrer to the petition
and dismissal thereof by the learned trial court was erroneous.
The orders appealed from are therefore reversed, and the
cause remanded with direction to overrule the demurrer to
the petition.

RUDKIN, C. J., DUNBAR, CROW, and MOUNT, JJ., concur.