[No. 16725. Department Two. October 31, 1921.]

GEORGE DELOS MEEKER, *Appellant*, v. ELLA ELIZABETH MEEKER, *Respondent*.[1]

DIVORCE (49)—DECREE—ACTION TO VACATE—FRAUD—PROCEEDINGS. A petition to set aside a judgment on the ground it was procured by fraud is properly filed in the original cause, under the provisions of Rem. Code, §§ 466-469.

DIVORCE (47, 47-1)—VACATION—JURISDICTION—FRAUD—PETITION— PROOF OF ALLEGATIONS—WAIVER. On a petition by a wife to set aside a divorce decree in favor of the husband on the ground it was procured by fraud, to which the husband demurred on the ground it did not state facts sufficient, such demurrer constituted a waiver of the constructive denial afforded by Rem. Code, § 468, and an admission on his part of the truth of the allegations of the petition, warranting the action of the court in setting aside the decree on his refusal to plead further.

Appeal from a judgment of the superior court for Thurston county, Wright, J., entered April 1, 1921,

[1]Reported in 201 Pac. 786.

vacating a divorce decree, upon overruling a demurrer to the petition, after a hearing to the court. Affirmed.

*Troy & Sturdevant,* for appellant.

*Vance & Christensen,* for respondent.

HOLCOMB, J.—This is a case where the wife in a divorce action brought by the husband has petitioned the trial court for a vacation of the decree of divorce granted the husband, and for permission to appear in, answer and defend the action.

The petition was filed in the original action and recites that the husband, at the time of filing his complaint, also filed an affidavit for the publication of summons, wherein he stated under oath that his wife was not a resident of the state of Washington and that her whereabouts and her post office address were not known, and had not been for some time. Summons was thereupon published, and subsequently the divorce was granted the husband upon the default of his wife.

The petition further recites that the wife had no notice whatsoever of the pendency of the action, and that for many years last past, except for such time as they have lived together in the state of Washington, her address has been Oswayo, Potter county, Pennsylvania, at which place she has received her mail. She further alleged that, when she returned to Pennsylvania from the state of Washington, her husband shipped her personal belongings to this same address, and before the divorce action was instituted sent deeds to her for her signature at this address, and during the time the divorce action was pending the husband wrote her letters, and also had communication by mail with one of their sons at the same address. It is alleged that, immediately after the wife learned of the divorce decree, this proceeding was commenced, stating that

she had a good and valid defense to the complaint, and asking that the decree be vacated and she be permitted to answer and defend therein.

This petition was accompanied by a notice which was filed, directed to the plaintiff in the original action and to Troy & Sturdevant, his attorneys, in which they were notified that the defendant had filed a petition praying that the decree of divorce granted in the action be vacated and set aside, and plaintiff was required to answer the petition within twenty days after the service of the notice upon him, exclusive of the day of service; otherwise, upon failure so to do, judgment would be rendered vacating and setting aside the decree according to the demand of the petition, which had been filed with the clerk of the court. The notice and petition were filed in the lower court on January 22, 1921.

To the petition plaintiff, appearing by his attorneys, interposed a general demurrer upon the grounds, first, that the court was without jurisdiction; and second, that it did not state facts sufficient to entitle the respondent to the relief demanded in her petition.

The superior court overruled the demurrer, whereupon plaintiff refused to proceed further, and the court decreed the vacation of the judgment and gave leave to the defendant therein to answer and defend the alleged action, without taking any evidence.

The errors urged are: (1) in overruling plaintiff's demurrer, and (2) in decreeing vacation of the judgment alleged in respondent's petition, and allowing the defendant to answer and defend the action alleged in her petition without taking any evidence in proof of the allegations of her petition.

Appellant argues that respondent's procedure by petition in the original case is wrong, and that there is no proper procedure to set aside the judgment in

the original cause except by an original, independent action, citing Rem. & Bal. Code, §§ 466 to 469 (P. C. §§ 8132, 8133, 8134, 8137), inclusive; *Roberts v. Shelton & Southwestern R. Co.*, 21 Wash. 427, 58 Pac. 576; *Cooper v. Cooper*, 83 Wash. 85, 145 Pac. 66; *Ruge v. Ruge*, 97 Wash. 51, 165 Pac. 1063, L. R. A. 1917F 721; *Anderson v. Anderson*, 97 Wash. 202, 166 Pac. 60.

The code, § 467, plainly provides that the proceedings to obtain the benefit of subd. 4, § 464, which is that a judgment may be vacated or modified after the time of which it was rendered, ''for fraud practiced by the successful party in obtaining the judgment or order,'' shall be by petition, verified by affidavit, setting forth the judgment or order and the facts or errors constituting the cause to vacate or modify, and if the party is a defendant, the facts constituting a defense to the action.

Section 468 of the code provides that:

''In such proceedings the party shall be brought into court in the same way, on the same notice as to time, mode of service and mode of return, and the pleadings shall be governed by the same principles, and issues be made up in the same form, and all the proceedings conducted in the same way, as near as can be, as in original action by ordinary proceedings, except that the facts stated in the petition shall be deemed denied without answer, etc.''

It will be observed that the respondent followed the above procedure.

It is true that, in *Anderson v. Anderson, supra,* we used language quoted by appellant which seems to condemn that procedure, as follows:

''The filing of a petition in the original suit is contrary to the practice as defined by our former decisions. An attack upon a judgment for fraud in its procuring, by petition is the inception of a separate, independent action.''

We observe that that opinion was concurred in by only two of the judges. It is also observed that in that case the trial judge took cognizance of the proceeding by petition, but was reversed on the ground that the petition did not set forth facts sufficient, and because the trial court found there was no fraud. We are impelled to the opinion that this dicta, for that it evidently was in this case, is in no wise controlling, and furthermore, that our former and subsequent decisions have approved this procedure. In the cases of *Roberts v. Shelton & Southwestern R. Co.,* and *Cooper v. Cooper, supra,* we approved the procedure, but held that for every practical purpose such a proceeding, involving issues and requiring evidence which may be wholly independent of the issues and evidence in the original action, and "in which the parties, regardless of their designation in the original action, occupy the relation of plaintiff and defendant according to the issues presented by the petition, and in which those issues may take all the range of an independent bill in equity for relief against the judgment is, in its very nature, a new proceeding . . . ." *Cooper v. Cooper, supra.*

See, also, *Pringle v. Pringle,* 55 Wash. 93, 104 Pac. 135; *Chaney v. Chaney,* 56 Wash. 145, 105 Pac. 229; *Jarrard v. Jarrard,* 116 Wash. 70, 198 Pac. 741.

As to the second ground for reversal, of course the petition stands denied without answering, under the statute, but instead of standing on his constructive answer, the husband appeared and demurred generally, and stood upon that, thus admitting the allegations of the petition and waiving the denial the statute gives.

The judgment must be and is affirmed.

PARKER, C. J., HOVEY, MAIN, and MACKINTOSH, JJ., concur.