[No. 21221.   Department One.   July 19, 1928.]

THE STATE OF WASHINGTON, on the Relation of W. M. Martin et al., Plaintiffs, v. THE SUPERIOR COURT FOR WHATCOM COUNTY, Respondent.[1]

[1] JUDGMENT (130)—PLEADING (145)—VACATION—HEARING—JUDGMENT ON PLEADINGS. Under Rem. Comp. Stat., § 468, providing that a petition for the vacation of a judgment shall be deemed denied without answer, where the court overrules a demurrer to the petition and proceeds to a hearing, petitioner's motion for judgment on the pleadings is properly denied, for want of proof, where opportunity was given to present the proof and there was nothing to show that defendants stood upon their demurrer.

Application filed in the supreme court April 2, 1928, for a writ of certiorari to review an order of the superior court for Whatcom county, Hardin, J., denying a motion for judgment on the pleadings in an action on contract.   Denied.

*U. D. Gnagey,* for relators.

*Hadley, Abbott & Madison,* for respondent.

FRENCH, J.—In the year 1925, one Barney Hanson and others filed an action in the superior court of Whatcom county against a number of defendants, among whom was the First National Bank of Bellingham.   The gist of the complaint was that the plaintiffs were stockholders in a corporation, and that, on behalf of the corporation, an application had been made to the treasury department for refund of certain income and excess profit taxes.   While this claim was pending and undisposed of, the stock of the plaintiffs was sold to one of the defendants, reserving, however, their respective shares in such refund, if one should be ob-

[1]Reported in 269 Pac. 1.

tained; that thereafter a refund was allowed by the treasury department in a sum aggregating approximately $9,500; that the check was obtained by one of the defendants, the then manager of the corporation, who endorsed and delivered the same to the bank in payment of certain indebtedness, and that the bank accepted the same with full knowledge of all the facts. All of the defendants demurred to the complaint, which demurrers were sustained, and the following order was issued:

"On the 14th day of November, 1925, this matter came on to be heard on the separate motion of defendant First National Bank of Bellingham, and the separate motion of the defendants Ernest W. Purdy and Marcella V. Purdy, his wife, for an order of this court dismissing said action as to them respectively by reason of failure of plaintiffs to further plead within the time fixed by this court in its order sustaining the demurrers of said defendants to plaintiffs' complaint made and entered on the 16th day of October, 1925, plaintiffs at this time appearing by Bixby & Nightingale, their attorneys and said defendants appearing at this time by Hadley & Abbott, their attorneys. Whereupon the plaintiffs by their said attorneys requested permission to file an amended complaint and said permission was granted by the court and plaintiffs given until Monday the 16th day of November, 1925, within which to file said amended complaint, and said motions of defendants denied. To which ruling the said defendants First National Bank of Bellingham, Ernest W. Purdy and Marcella V. Purdy, his wife, separately excepted, and their exceptions were noted and allowed.

"Thereupon the plaintiff moved the dismissal of said action at plaintiffs' cost and with prejudice as against the defendant First National Bank of Bellingham. Which motion was thereupon granted and said action is hereby dismissed as against the said First National Bank with prejudice and with costs to the said First National Bank of Bellingham."

Pursuant to this order, an amended complaint was filed eliminating the bank, which action was thereafter dismissed, and a new action instituted, which was thereafter voluntarily dismissed; and thereafter a petition was filed asking to have a modification of the order above quoted, so that the same might read without prejudice instead of with prejudice. The petition set forth that no hearing was had on the merits at the time the order was entered; that the court had no jurisdiction to enter the order of dismissal; that it was made without authority having been given by the plaintiffs and at the request of the attorneys for the plaintiffs, together with some other grounds which we deem immaterial.

The defendant bank demurred to the petition, and an amended petition being filed, somewhat amplifying the original petition, the demurrer was treated as running to the amended petition. Coming on for hearing, the court tentatively overruled the demurrer and announced that the hearing might proceed and testimony would be taken. Thereupon petitioners moved for judgment on the pleadings, which the lower court refused to grant, and offered petitioners an opportunity to present evidence in support of the amended petition. Whereupon petitioners announced that they stood on their motion for judgment on the pleadings, and thereupon the bank moved that the relief sought through the amended petition be denied and the proceedings dismissed on the ground that the allegations of the amended petition had not been sustained by evidence, or at all, and this motion was granted.

[1] The first assignment of error is the action of the lower court in denying petitioners' motion for judgment on the pleadings. The position of petitioners seems to be that defendant, having demurred, thereby admitted all the allegations of the petition, and that

this admission, having been made for the purpose of demurrer, stands throughout the entire case, and that the burden of proof thereupon shifts to the respondent. Rem. Comp. Stat., § 468 [P. C. § 8134], provides:

"In such proceedings the party shall be brought into court in the same way, on the same notice as to time, mode of service and mode of return, and the pleadings shall be governed by the same principles, and issues be made up by the same form, and all the proceedings conducted in the same way, as near as can be as in original action by ordinary proceedings, except that the facts stated in the petition shall be deemed denied without answer, and defendant shall introduce no new cause, and the cause of the petition shall alone be tried."

Appellants rely on the case of *Meeker v. Meeker,* 117 Wash. 410, 201 Pac. 786, a divorce case, where the wife had, by petition, asked that the decree of divorce be set aside on the ground of fraud practiced upon the court by false affidavit permitting the plaintiff to obtain service of summons by publication, and on other various grounds. In that case, the husband demurred to the petition, refused to plead, and announced that he stood on his demurrer. In that case we said:

"As to the second ground for reversal, of course the petition stands denied without answering, under the statute, but instead of standing on his constructive answer, the husband appeared and demurred generally, and stood upon that, thus admitting the allegations of the petition and waiving the denial the statute gives."

In the instant case, the defendants no place announced that they stood on their demurrer. The lower court granted every opportunity to petitioners to sustain by proof the allegations of their petition, but instead of offering proof, petitioners elected to stand on their motion for judgment on the pleadings. We think it is elementary that, if one stands on his demurrer, he admits the allegation of the complaint or petition to

which the demurrer is addressed. We think it is equally elementary that, if one does not stand on his demurrer, but enters a general denial (and in this case the statute entered the denial for him), he does not confess the allegations of the complaint or petition.

At no place in the record can we find anything which indicates that the bank signified its intention to stand on the demurrer. On the contrary, the motion for judgment specifically states the grounds "that the relief sought through the amended petition be denied and the proceedings dismissed on the ground that the allegations of the petition have not been sustained by evidence, or at all."

The record clearly shows that the lower court deemed the allegations of the petition denied by virtue of the statute. All that we held in *Meeker v. Meeker, supra,* is that a party may waive the denial which the statute gives him and stand on demurrer, if he so chooses, in which case the allegations of the petition are admitted, but this intention must be affirmatively shown in the record. We find no such intention here manifest.

The conclusion we have reached makes it unnecessary to discuss any of the other points raised.

The judgment of the lower court is affirmed.

FULLERTON, C. J., PARKER, MITCHELL, and TOLMAN, JJ., concur.