# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| OWL TRANSFER BUILDING LLP, a Washington limited liability partnership, | ) ) ) | No. 70018-9-I |
| | ) | DIVISION ONE |
| Respondent, | ) ) | |
| v. | ) ) | |
| WAH LOUIE and his marital community, | ) ) ) | UNPUBLISHED OPINION |
| Appellant, | ) ) ) | |
| HUA YUEN INTERNATIONAL TRADING GROUP, INC., a Washington corporation, and KWONG YIN LOUIE, | ) ) ) ) | |
| Defendants. | ) | FILED: March 10, 2014 |

2014 MAR 10 AM 10: 22
COURT OF APPEALS DIV I
STATE OF WASHINGTON
FILED

SCHINDLER, J. — Wah Louie appeals the order denying her motion to vacate the default judgment entered against Hua Yuen International Trading Group Inc. and Wah Louie. Because the court erred in denying her motion to vacate under CR 60(b)(5), we reverse.

## FACTS

In 2004, Kwong Yin Louie formed Hua Yuen International Trading Group Inc. (Hua Yuen Group). In the Washington Secretary of State Corporations and Charities Division directory, Kwong Louie is designated as the president of the Hua Yuen Group.

Owl Transfer Building Limited Liability Partnership (Owl Transfer LLP) owns a warehouse located at 3623 6th Avenue South in Seattle, Washington. In June 2004, Owl Transfer LLP and the Hua Yuen Group entered into a five-year lease agreement. The Hua Yuen Group agreed to lease 13,600 square feet of warehouse and office space at the warehouse. Kwong Louie signed the lease as president of the Hua Yuen Group. Kwong Louie's spouse Wah Louie signed the lease as the guarantor.

In March 2007, the Hua Yuen Group vacated the warehouse space. On June 11, Owl Transfer LLP filed a lawsuit against the Hua Yuen Group and Wah Louie, "individually, and his marital community." Owl Transfer LLP alleged the Hua Yuen Group owed past due rent from November 2006 to May 2007 and was liable for other costs, including the cost to repair the roof. Owl Transfer LLP sought $76,852.52 in damages and attorney fees and costs. On August 28, Owl Transfer LLP mailed a copy of the summons and complaint to 5235 Columbia Drive South in Seattle.

On August 29, Owl Transfer LLP filed a motion for an order permitting service by publication. The Owl Transfer LLP attorney submitted a declaration stating that Owl Transfer LLP attempted service on "Hua Yuen International Trading Group, care of Wah Louie, and Wah Louie individually," at two different Seattle addresses: 8501 39th Avenue South and 5235 Columbia Drive South. The attorney states that the process server attempted service at 8501 39th Avenue South two times but "[o]n June 4, 2007, it was determined that Mr. Louie had sold" the property at 8501 39th Avenue South sometime in 2003, and the business license for the Hua Yuen Group had been inactive since June 2006. The declaration states that "[u]pon further investigation," the process server attempted to serve Wah Louie at 5235 Columbia Drive South in Seattle but

2

"[e]very attempt failed and Mr. Louie was never served." According to the attorney, "Mr. Louie sold [the 5235 Columbia Drive South] property to his children in 2005, but still registers his vehicle to this address."

The declaration of process server ABC Legal Services Inc. states that it "verified with the Washington Secretary of Stated [sic] Corporations division that Rodney Wong was the listed registered agent" for the Hua Yuen Group but "[t]he license expired 06-30-06." Owl Transfer LLP also submitted a "Confidential Investigation Report" from ABC Legal Services stating that "Louie, Wah Shuck" sold the 5235 Columbia Drive South property to "his" children in April 2005 but "Louie, Wah Shuck" registered a vehicle at that address.

The court granted the motion for service by publication. The court entered an order allowing Owl Transfer LLP to serve the Hua Yuen Group and Wah Louie "and his marital community" by publication. In September and October, The Daily Journal of Commerce published a "Summons By Publication."

On December 18, Owl Transfer LLP filed a motion for an order of default and default judgment against the Hua Yuen Group and "Wah Louie and his marital community, jointly and severally."[1] On January 15, 2008, the court entered an order of default and default judgment against the Hua Yuen Group and Wah Louie and "his marital community" in the amount of $79,088.12.

Four years later, Owl Transfer LLP filed an "Application for Writ of Garnishment" against the Hua Yuen Group and Wah Louie and "his marital community," Bank of America, and Washington Federal Savings. On October 19, 2012, the court entered

---

[1] Owl Transfer LLP also requested $1,390.50 in fees and $845.10 in costs.

"Amended Judgment[s] on Answer and Order[s] to Pay" against "Garnishment Judgment Debtor[s]" Bank of America and Washington Federal Savings in the amount of $9,889.98 and $76,078.94. On October 29, Washington Federal Savings and Bank of America transferred funds in the amount of $85,958.92 to the attorney for Owl Transfer LLP.

On November 1, Wah Louie filed a motion to vacate the default judgment and quash the writ of garnishment. In her declaration, Wah Louie states she was unaware of the lawsuit until her bank notified her that Owl Transfer LLP had applied for a writ of garnishment. Wah Louie argued the service of process on the Hua Yuen Group, Kwong Louie, and Wah Louie was deficient because "public records showed the then-and-still current address of Hua Yuen Group's registered agent, Attorney Rodney Wong." Wah Louie also argued that Owl Transfer LLP attempted service on first "an outdated address" and then "at a property that [the Louies] never owned or possessed."

Wah Louie submitted a copy of the Washington Secretary of State Corporations and Charities Division directory entry for the Hua Yuen Group, a declaration from her spouse Kwong Louie, and a copy of the Washington State Bar Association lawyer directory. The Secretary of State directory entry for the Hua Yuen Group lists Rodney Wong as the registered agent for the corporation at 318 6th Avenue South Suite 110, Seattle, Washington. The October 2012 Washington State Bar Association lawyer directory entry for Rodney Wong also lists his office address as 318 6th Avenue South Suite 110. The Secretary of State directory also states that Kwong Louie is the president of the Hua Yuen Group and lists his address at 525 Maynard Avenue No. 204, Seattle, Washington.

4

In his declaration, Kwong Louie states that the addresses listed with the Secretary of State are correct and that neither the address of his attorney Rodney Wong at 318 6th Avenue South nor his own residential address at 525 Maynard Avenue has changed since Owl Transfer LLP filed the lawsuit. Kwong Louie states that he and his spouse Wah Louie sold the 8501 39th Avenue property in 2003, one year before the Hua Yuen Group was incorporated and the Hua Yuen Group entered into the lease with Owl Transfer LLP. Kwong Louie also states, "My wife and I never owned or resided at 5235 Columbia Drive South, Seattle, WA, where Plaintiff attempted service." Wah Louie submitted a copy of the statutory warranty deed transferring the 8501 39th Avenue South property to Suzante and Imelda Gumiran on January 10, 2003.

In opposition, Owl Transfer LLP asserted that the motion to vacate was untimely under the service by publication statute, RCW 4.28.200.

In reply, Wah Louie argued the motion was not barred by the one-year time limit under RCW 4.28.200. In the alternative, Wah Louie argued a motion to vacate a default judgment based on insufficient service of process under CR 60(b)(5) is not subject to a one-year time limit. Wah Louie submitted another declaration stating she and her husband have resided at 525 Maynard Avenue No. 204, Seattle, Washington, since 2003 and "[t]his is the address correctly listed with the Secretary of State." Wah Louie also states she never owned property at 5235 Columbia Drive South and never registered a car at the 5235 Columbia Drive South address.

The court granted the motion to vacate because service of process was insufficient, and entered an order vacating the default judgment and quashing the writ of garnishment.

5

On December 11, 2012, Owl Transfer LLP filed an amended complaint naming Kwong Yin Louie as an additional defendant. On January 8, 2013, Owl Transfer LLP personally served Kwong Louie and Wah Louie at the Maynard Avenue address. Owl Transfer LLP then filed a motion for a prejudgment writ of attachment. The court granted Owl Transfer LLP's motion for a prejudgment writ and entered an order allowing Owl Transfer LLP to attach the $85,958.84 previously held in the bank accounts. The court also stated it would reconsider the order vacating the default judgment and asked the parties to submit briefing on the one-year time limit under RCW 4.28.200.

In supplemental briefing, Owl Transfer LLP argued that the one-year time limit under RCW 4.28.200 barred the motion to vacate. Wah Louie argued that RCW 4.28.200 "merely states that a defendant may apply within one year" to vacate a default judgment but does not require motions to be filed within one year.[2] In the alternative, Wah Louie asserted the court had the authority to vacate the judgment under CR 60(b)(5) for insufficient service of process because Owl Transfer LLP did not "perform a reasonable search for Defendants."

The court ruled Wah Louie did not timely file a motion to vacate under RCW 4.28.200 and vacated the order vacating the default judgment. The "Order on Reconsideration Motion" states, in pertinent part:

> Having reviewed RCW 4.28.200, the right to challenge a judgment obtained after service by publication is one year. The Court sees no exceptions available. The Court's Order Vacating the Default Judgment is VACATED.

---

[2] (Emphasis in original.)

ANALYSIS

Wah Louie contends the court erred in concluding her motion to vacate was time barred by the one-year time limit under RCW 4.28.200. In the alternative, Wah Louie asserts the motion to vacate was timely under CR 60(b)(5).

We review a trial court's decision on a motion for reconsideration for an abuse of discretion. Rivers v. Wash. State Conference of Mason Contractors, 145 Wn. 2d 674, 685, 41 P.3d 1175 (2002). "A ruling based on an error of law constitutes an abuse of discretion." King v. Olympic Pipeline Co., 104 Wn. App. 338, 355, 16 P.3d 45 (2000).

Vacating a default judgment is governed by CR 55 and CR 60. Morin v. Burris, 160 Wn.2d 745, 754, 161 P.3d 956 (2007). CR 55(c) authorizes the court to set aside a default judgment under CR 60(b). CR 60(b) sets out 11 specific grounds that justify vacating a default judgment. CR 60(b)(5) provides that a court may vacate a default judgment if "[t]he judgment is void." CR 60(b)(7) provides, "If the defendant was served by publication, relief may be granted as prescribed in RCW 4.28.200."

First, Wah Louie claims the court erred in concluding her motion to vacate the default judgment was time barred under RCW 4.28.200. Wah Louie contends that because RCW 4.28.200 uses the word "may" rather than "shall" in connection with the one-year time limit, the one-year time limit to file a motion to vacate is not mandatory. We disagree. The plain language of the statute requires a defendant to file a motion within one year:

> If the summons is not served personally on the defendant in the cases provided in RCW 4.28.110 and 4.28.180, he or she or his or her representatives, on application and sufficient cause shown, at any time before judgment, shall be allowed to defend the action and, except in an action for divorce, the defendant or his or her representative may in like manner be allowed to defend after judgment, and within one year after the

rendition of such judgment, on such terms as may be just; and if the defense is successful, and the judgment, or any part thereof, has been collected or otherwise enforced, such restitution may thereupon be compelled as the court directs.

RCW 4.28.200.[3]

Interpretation of a statute is a question of law that we review de novo. Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9, 43 P.3d 4 (2002). Our objective is to carry out the legislature's intent. Arborwood Idaho, LLC v. City of Kennewick, 151 Wn.2d 359, 367, 89 P.3d 217 (2004). In giving effect to the language of the statute, we must not render any portion meaningless. Prison Legal News, Inc. v. Dep't of Corr., 154 Wn.2d 628, 644, 115 P.3d 316 (2005). If a statute is unambiguous, the court's inquiry is at an end. Lake v. Woodcreek Homeowners Ass'n, 169 Wn.2d 516, 526-27, 243 P.3d 1283 (2010).

While the statute uses the word "may" rather than "shall," the one-year requirement is not discretionary. RCW 4.28.200. RCW 4.28.200 unambiguously states the defendant "may . . . be allowed to defend after judgment, and within one year after the rendition of such judgment." If the "one year" language were not a requirement, that language would be superfluous. Case law also supports our interpretation that under RCW 4.28.200, a motion to vacate must be filed within one year of the judgment. Corporate Loan & Sec. Co. v. Peterson, 64 Wn.2d 241, 243, 391 P.2d 199 (1964) (RCW 4.28.200 is " 'restricted to those instances in which service is by publication.' And it has its own one year statute of limitations.") (Quoting Philip A. Trautman, Vacation and Correction of Judgments in Washington, 35 WASH. L. REV. 505, 527

---

[3] (Emphasis added.) We note the legislature amended RCW 4.28.200 in 2011 to add the words "or her" after "his" and "or she" after "him" throughout the statute. LAWS OF 2011, ch. 336, § 101. We refer to the current version of the statute.

(1960)).); <u>Chaney v. Chaney</u>, 56 Wash. 145, 150-51, 105 P. 229 (1909) (the statute's purpose is to give defendants served by publication "an opportunity to appear and defend at any time within one year thereafter, when they can show any sufficient cause within the discretion of the court"); 15A KARL B. TEGLAND & DOUGLAS J. ENDE, WASHINGTON PRACTICE: WASHINGTON HANDBOOK ON CIVIL PROCEDURE § 24.9, at 279 (2013-14 ed.) ("RCW 4.28.200 allows the defendant to move to have the default judgment vacated within one year after the judgment was entered").

In the alternative, Wah Louie asserts the court erred in reconsidering the order vacating the default judgment under CR 60(b)(5).[4] Owl Transfer LLP does not attempt to argue service was sufficient. Owl Transfer LLP argues that because the court authorized service by publication, Wah Louie may file a motion to vacate <u>only</u> under RCW 4.28.200.

Under CR 60(b)(5), a court may vacate a void judgment. Whenever a trial court lacks personal jurisdiction over a party, any judgment entered by the court against that party is void. <u>Marley v. Dep't of Labor & Indus.</u>, 125 Wn.2d 533, 541, 886 P.2d 189 (1994). " 'Proper service of the summons and complaint is essential to invoke personal jurisdiction over a party, and a default judgment entered without proper jurisdiction is void.' " <u>Ahten v. Barnes</u>, 158 Wn. App. 343, 349, 242 P.3d 35 (2010) (quoting <u>In re Marriage of Markowski</u>, 50 Wn. App. 633, 635-36, 749 P.2d 754 (1988)). "Because courts have a mandatory, nondiscretionary duty to vacate void judgments, a trial court's decision to grant or deny a CR 60(b) motion to vacate a default judgment for want of

---

[4] Wah Louie does not explicitly identify CR 60(b)(5) as the grounds for vacating the default judgment. CR 60(b)(5) provides grounds for vacating a default judgment that is "void." But Wah Louie clearly argues that the judgment is void based on insufficient service, and cites case law which relies on CR 60(b)(5).

9

jurisdiction is reviewed de novo." Dobbins v. Mendoza, 88 Wn. App. 862, 871, 947 P.2d 1229 (1997). "Motions to vacate under CR 60(b)(5) may be brought at any time after entry of judgment." Markowski, 50 Wn. App. at 635.[5]

RCW 4.28.200 does not prescribe a procedure that must be followed where a defendant is served by publication. Rather, RCW 4.28.200 provides " 'additional rights.' " Caouette v. Martinez, 71 Wn. App. 69, 75, 856 P.2d 725 (1993) (quoting Chaney, 56 Wash. at 151).[6] RCW 4.28.200 gives a defendant served by publication an additional ground to vacate a default judgment, and gives the court greater discretion to vacate a default judgment than where the defendant is personally served. Caouette, 71 Wn. App. at 75-76 (citing Chaney, 56 Wash. at 150-51).

Because service by publication is "in derogation of the common law," strict compliance with the statute authorizing service by publication is required. Dobbins, 88 Wn. App. at 871. Under RCW 4.28.100, service by publication is permissible only if the "defendant cannot be found within the state." To obtain an order allowing service by publication, the plaintiff must establish an honest and reasonable effort to locate the defendant before seeking service by publication. Dobbins, 88 Wn. App. at 871. "While reasonable diligence does not require the plaintiff to employ all conceivable means to locate the defendant, it does require the plaintiff to follow up on any information possessed that might reasonably assist in determining the defendant's whereabouts." Pascua v. Heil, 126 Wn. App. 520, 529, 108 P.3d 1253 (2005). Washington courts have held service by publication improper where the plaintiff did not follow up on information

---

[5] (Footnote omitted.)

[6] Chaney cites Bal. Code section 235, the predecessor of RCW 4.28.200.

regarding third parties who may have been useful in determining a defendant's whereabouts.[7]

As the trial court's original order explicitly found, service of process was insufficient. The order states, in pertinent part:

> The Court, having examined the pleadings, declarations, and memorandum of law in support of the motion, against the motion, and reply, finds that said Order of Default and Default Judgment were obtained based on Plaintiff's insufficient service of process on the Defendants.[8]

CR 60(b)(5) is an alternative ground for a motion to vacate a default judgment. The one-year time limit under RCW 4.28.200 does not apply to motions to vacate under CR 60(b)(5). See Allstate Ins. Co. v. Khani, 75 Wn. App. 317, 323-24, 877 P.2d 724 (1994) ("Void judgments may be vacated regardless of the lapse of time."). Because the undisputed record establishes service of process was insufficient and Wah Louie was entitled to relief under CR 60(b)(5), we hold the trial court erred in ruling that the motion to vacate under CR 60(b)(5) was time barred.

---

[7] See Pascua, 126 Wn. App. at 529 (plaintiff used information in police report to call phone number, speak to apartment manager, and search public records but did not attempt to locate defendant by contacting registered owner of vehicle involved in accident); Charboneau Excavating, Inc. v. Turnipseed, 118 Wn. App. 358, 363, 75 P.3d 1011 (2003) (despite knowing the defendant's wife and daughter, plaintiff did not contact them or check assessor's records to learn the defendant's address); Parkash v. Perry, 40 Wn. App. 849, 851-52, 700 P.2d 1201 (1985) (mere search of telephone records and attempt to serve at old address was insufficient to justify service by publication where plaintiff did not follow up on information in his possession regarding defendant's employment or where defendant may have moved).

Here, Owl Transfer LLP knew that the registered agent for Hua Yuen Group was Rodney Wong. But there is no indication in the record that Owl Transfer LLP ever contacted Rodney Wong in its attempts to serve either Hua Yuen Group or Wah Louie. Wong's address is listed with the Washington Secretary of State and the Washington State Bar Association and his address has not changed since the lawsuit was filed. Further, Owl Transfer LLP never attempted service on the Louies' publicly-listed residential address. Owl Transfer LLP only attempted to serve Wah Louie at an address that Owl Transfer LLP knew Wah Louie sold in 2003 and at a property Wah Louie contends she never resided at or owned.

[8] (Emphasis added.)

11

We reverse denial of the motion to vacate under CR 60(b)(5) and the order on reconsideration.[9]

WE CONCUR:

_Schindler, J._

_Leach, C. J._

_Lau, J._

---

[9] We deny Owl Transfer LLP's request for attorney fees.