[No. 8950     Department Two.     December 10, 1910.]

LORA E. VAN GELDER, *Respondent*, v. HENRY VAN GELDER, *Appellant*.[1]

DIVORCE—ALIMONY. It is error to allow $750 as alimony out of the husband's estate valued at $10,000, upon granting the husband's prayer for a divorce, where the wife had estate of the value of $2,500, and there was no community property for division, and she had inveigled the husband into the marriage relation for the purpose of gaining a share of his property, had brought unfounded charges of cruelty in order to obtain a divorce, and was guilty of cruelty and indignities rendering the husband's life burdensome.

DIVORCE—ATTORNEY'S FEES—COSTS. Allowance of costs and attorney's fees to a wife in an action for divorce is within the discretion of the trial court, although divorce be granted to the husband on his cross-complaint, and will not be disturbed on appeal, where there is no suggestion of abuse of discretion.

Appeal by defendant from a judgment of the superior court for Whatcom county, Hardin, J., entered December 28, 1909, decreeing the payment of alimony, upon granting a divorce to defendant. Modified.

*Brown, White & Peringer*, for appellant.

*Fairchild & Bruce*, for respondent.

CHADWICK, J.—Appellant and respondent were married at Bellingham, July 26, 1907. Both had been previously married and each was possessed of some property, appellant having, as the trial judge found, about $10,000, and respondent about $2,500. The property had never been commingled, and was owned separately at the time the decree was entered. The parties came together through correspondence, following an advertisement inserted by appellant in a spiritualistic journal published in Chicago, stating that he desired to secure a housekeeper. There is nothing in the findings of the court to indicate that respondent ever had any real affection for

[1]Reported in 112 Pac. 86.

the appellant, or that his property grew in volume under her influence, or while they lived together as husband and wife. In her complaint, respondent charges appellant with the grossest wrongs and cruelties, all of which were denied by appellant, who filed a cross-complaint setting up a state of domestic infelicity, cruelty, and indignities which rendered his life burdensome. The trial court found all of the material allegations of respondent's complaint to be wholly groundless, and the material allegations of the cross-complaint of appellant to be fully sustained by the evidence. The court further found that the parties had corresponded prior to the time respondent came west, and "the plaintiff sought to and did ascertain from the defendant something of his financial status; that by finesse and various suggestions, statements and acts fully set out in the exhibits introduced on the part of the defendant in this case and admitted in evidence, endeavored to, and did, influence the defendant to enter into the marriage relation with the plaintiff, and that such conduct and acts and suggestions on the part of the plaintiff to and of this defendant were for the purpose of inducing the defendant to marry the plaintiff and to secure a portion of his property, and that the defendant was induced to enter into the said relation because of such statements, acts and suggestions on the part of the plaintiff." The court adjudged that appellant take a decree of divorce upon his cross-complaint, and further, that the defendant pay to the plaintiff as alimony the sum of $1,000, said sum to be paid within sixty days from the date thereof, $250 of which sum was to be paid to J. W. Rose, attorney for plaintiff. To this part of the decree, exceptions were reserved, and from it, this appeal is prosecuted.

A motion is made to strike what purports to be a statement of the facts, being the letters written by respondent to appellant pending the negotiations which culminated in their marriage. These letters are here, being referred to in the findings, "and which said exhibits are made a part of these findings as fully as if specifically set forth herein." No other

certificate of the trial judge was made.  It is contended that
the exhibits cannot be so considered as a part of the findings,
for the reason that they are evidence in the case, and could
only be considered when certified as a statement of facts under
the appeal statute.  But we feel that it is not necessary to
pass upon this question, or to refer to the exhibits.  The
findings of the court are ample to sustain the decree of divorce.
Both parties sought a separation, the only question being
which one of them should take the decree.  The facts found
are in no way challenged on this appeal, the only question
being one of law, whether from the facts as found by the
court it should have allowed respondent the sum of $1,000 out
of the property of appellant.  Those cases holding that ali-
mony will not as a rule be granted where the wife is at fault
can rarely be applied under our community property system.
A wife may be at fault and yet be entitled to an allowance, not
because of any theory of punishment to the husband, but
because the property is her own.  So that we will pass the
cases upholding the common law rule which have been cited
by appellant, and consider the facts and the law of the instant
case.

The findings show no equities whatever in favor of respond-
ent.  She designedly undertook to, and did, put herself in a
legal position where she believed she could demand, at the
hands of the law, a share of appellant's property.  She
charged unspeakable cruelties to insure her cause, all of
which the court rejected as unsustained.  There was no prop-
erty requiring division, nor was respondent in necessitous
circumstances.  There is no ground, in fact, to sustain the
arbitrary allowance of $1,000 to respondent, unless it be that
she was the legal wife of appellant.  This, as we have hereto-
fore held, is not enough.  To allow a recovery in this case
would put a premium upon the cupidity of a designing wom-
an, and invite the adventuress to invade the property of her
victim, sanctioned and encouraged by the law.  In *State ex*

*rel. Lloyd v. Superior Court*, 55 Wash. 347, 104 Pac. 771, we said:

"Alimony or maintenance and counsel fees are not granted as a matter of course or upon the mere allegation of marriage. Neither is the order imposed as a penalty, but to compel the performance of a duty, and must be sustained on equitable grounds, having reference to the relative situation of the parties."

And in *Pringle v. Pringle*, 55 Wash. 93, 104 Pac. 135, the rule was declared that,

"If she [the wife] be otherwise provided for or have property in her own right, there can be no reason for the assertion of the right to an allowance out of the separate property of her husband."

In all cases of this kind or character, the court should be governed by the facts of the particular case before it. Respondent cast the die and lost. Under such a state of facts, the rule of justice should be to leave the parties as they were at the time of their marriage.

The allowance of attorney's fees and the costs of a particular action is a matter peculiarly within the discretion and province of the trial judge. No reason is suggested, and we find none in the record, which would warrant us in denying that part of the decree allowing attorney's fees in the lower court. This is an allowance, not to respondent, but to her counsel. This case will be remanded with instructions to the lower court to modify its decree, denying the allowance of $1,000, and charging appellant with the sum of $250 as counsel fees in the court below. Neither party will recover costs on appeal.

RUDKIN, C. J., MORRIS, and CROW, JJ., concur.