[No. 14823.   Department Two.   June 4, 1918.]

GRACE F. DILATUSH, *Respondent,* v. HOWARD B. DILATUSH, *Appellant.*[1]

DIVORCE—SUIT MONEY—TEMPORARY ALIMONY — EVIDENCE — SUFFI-CIENCY. A wife is not entitled to suit money and temporary alimony out of community property of little consequence where it appears that it was all necessary to the maintenance of an established business, and it appears that she is possessed of a large amount of money and property and is living at home at the expense of the defendant.

APPEAL—DECISIONS APPEALABLE—FINAL ORDER—TEMPORARY ALI-MONY. An order for the payment of attorney's fees and monthly alimony *pendente lite* is appealable as a final judgment, under Rem. Code, § 1716, subd. 1, authorizing an appeal from the final judgment entered in an action or proceeding.

Appeal from an order of the superior court for King county, Mackintosh, J., entered December 7, 1917, awarding suit money and alimony pending an action for divorce. Reversed.

*H. E. Foster,* for appellant.

CHADWICK, J.—The respondent brought action for divorce against the defendant, and upon an order to show why suit money and alimony *pendente lite* should not be paid to plaintiff, the court made an award of $75 for suit money and $100 per month as alimony. Plaintiff alleges that the parties are possessed of no community property other than a stock of drugs of the approximate value of $3,000, and a Reo automobile of the probable value of $600. She alleges that defendant has been guilty of cruelty and indignities rendering the marriage relation intolerable, and, *inter alia,* that defendant has failed and neglected to provide her a suitable and proper home; has kept his family boarding and living in hotels and lodging houses; has failed,

[1]Reported in 173 Pac. 431.

neglected and refused to provide her with proper clothing; that she has been obliged "to depend upon contributions from her relatives and on her own personal resources for the greater part of her clothing," and that defendant is a druggist and capable of earning $300 per month. She does not allege that defendant is possessed of property other than his interest in the community property, or anything as to the earnings of his business.

In obedience to the order to show cause, defendant filed an affidavit alleging that he would, in due time, answer the complaint and make out a complete defense thereto; that the parties, at the time of the filing of the affidavit, were living together in the same house; that plaintiff was in and about the store every day; that they had made at least one trip to Seattle together since the bringing of this action; that plaintiff was possessed of independent means; that she had a bank account in the Bank of California, in the city of Seattle; that she had a bank account in the savings department of the Union Savings Bank and Trust Company, in Seattle; that she had a checking account in the People's State Bank in Enumclaw, and that she is not in need of any funds or money whatsoever. It is further alleged that plaintiff is the owner of five liberty bonds of the value of $100 each, which she purchased with her own funds, and that she is possessed of a large amount of money and property.

The complaint and the affidavit filed in response to the order to show cause is certified by the trial judge as a part of the statement of fact. It also contains all of the minutes and proceedings that occurred in the cause. It can hardly be said that the complaint of the plaintiff will bear the interpretation of a showing of necessitous circumstances. The order to show cause does not seem to have been issued upon any independ-

ent showing of fact made by affidavit or otherwise. The return of defendant, which is not denied, brings the case fairly within the rule announced in *Gust v. Gust,* 69 Wash. 220, 124 Pac. 504, where we said, "The present application seems to proceed upon the theory that a wife can, because of her relationship merely, demand that her spouse meet the expenses of a suit for divorce."

A wife is entitled to suit money to insure an efficient preparation of her case, and is entitled to alimony, whether payable out of community funds or out of the separate property of the husband, but no hard and fast rule should be laid down for the disposition of such cases. Although the wife has independent means, if it be shown that there is community property which is available for the payment of such charges, she would nevertheless be entitled to an allowance out of the community property almost, but not absolutely, as a matter of right; but where, as in this case, and upon the wife's own showing, it is made to appear that the community property is of little consequence and is not liquid, but devoted to the maintenance of an established business or stock in trade, and there is no showing that there is any surplus of money, or that the business is earning more than is necessary to meet current expenses, it should not be held, even for the wife's own good in the end, that she be allowed, in order to maintain her action, to interrupt the business that her own private means may be conserved. All equities arising out of the relations of the parties may be settled by the court after a full hearing. On the showing made, the plaintiff would not be entitled to recover full alimony in any event, for it is asserted, and not denied, that she is living in the same place and under the same circumstances as before, and at the expense of the defendant. A question may arise in

the mind of the reader of this opinion as to whether the order made by the court is an appealable order. That question was decided by this court in *State ex rel. Surry v. Superior Court*, 74 Wash. 689, 134 Pac. 178.

Reversed, and remanded with instructions to deny the motion.

MAIN, C. J., MITCHELL, MOUNT, and HOLCOMB, JJ., concur.