## NELSON *v.* NELSON.

### Opinion delivered December 6, 1920.

1. DIVORCE—PETITION FOR CHANGE OF CHILDREN'S CUSTODY.—EVIDENCE.—On a petition by a wife asking for custody of children awarded to the husband by a decree of divorce, the change will not be ordered, in the absence of a showing that it would be for the best interest of the children to make the change.

2. DIVORCE—LIABILITY OF FATHER FOR CHILDREN'S SUPPORT.—Where a decree of divorce awarded custody of children to the father, but the children left the father and lived with the mother, the mother could not recover from the father expenses in furnishing a home for the children, since in doing so she was a mere volunteer.

3. DIVORCE—RIGHT TO ATTORNEY'S FEES.—A divorced wife, petitioning for change in the custody of children after rendition of a final decree of divorce, is not entitled to attorney's fees.

Appeal from Sebastian Chancery Court, Fort Smith District; *J. V. Bourland,* Chancellor; reversed.

*Pryor & Miles,* for appellant.

1. The court erred in changing the former decree and awarding the children to appellee. The children are minors, and, by statute as well as common law, the father (unless incompetent or unfit) is the natural guardian and entitled to the custody and care, etc., of the minor children. 22 Ark. 96; 95 *Id.* 355; 21 Enc. Law 1036-7; 124 Ark. 579. The original decree was a final adjudication awarding the children to the father, and there is no testimony is the choice of the children. The proof is that the husband and father was fit and competent and able to properly care for them. 124 Ark. 579.

2. The court erred in awarding appellee judgment for the board and lodging of the children for the period she voluntarily kept them between the time of the original decree and the decree in this case. 42 Ark. 495.

3. It was error to award appellee judgment for $100 attorneys' fees. Kirby's Dig., § 2679; 7 R. C. L. 792.

*Ira D. Oglesby,* for appellee.

1. There was no error in changing the former decree and awarding the custody of the children to appel-

lee. Chancery courts have power to award the custody of children of divorced parents and to change the award when expedient. 64 Ark. 518; 85 *Id.* 471. Where the capabilities of the parents are equal, and the children of mature age, their wishes as to which parent they desire to live with are decisive. 63 N. Y. Supp. 1113; 2 Strange 982; 78 N. Y. Supp. 175; 82 Pac. 177; 23 Ill. App. 196; 166 Ala. 351; 52 So. Rep. 310; 17 S. E. 308; 65 N. W. 555. The testimony of the children is sufficient and clear that the mother was their choice, and that she was amply able and willing to care for them.

2. There was no error in awarding appellee judgment for the expense of board and lodging for the children for the period she voluntarily kept them. 42 Ark. 495; 88 Am. Dec. 652. Divorce does not relieve the father of his duties to support, care for and educate the children. There is no evidence that the mother in any way tried to persuade the children to disregard the decree of the court. On the contrary, the evidence of both children is to the effect that their mother in no way tried to persuade them to come and live with her. 42 Ark. 495 does not sustain appellants' contention nor is it applicable here.

2. There was no error in awarding $100 attorneys' fees. It was a part of her alimony. Kirby's Dig., § 2679.

SMITH, J. The parties to this litigation were husband and wife until October 25, 1919. On that date an absolute divorce was granted Mrs. Nelson, the wife. The decree in the case allowed her $7,500 alimony, which was paid by Mr. Nelson. There were four children, and of these the court awarded to the father the custody of Paul, a son 18, J. T., Jr., a son 17, and Virginia, a daughter, age 15. The custody of the remaining child, a daughter, eight years old, named Geraldine, was awarded to the mother. In regard to this last child the order of the court was that "the mother shall support and maintain the child Geraldine while it remains with her, and if at any time it is with the defendant, its father, he shall

support and maintain it.'' The decree contained the recital that ''for the purpose of guarding the welfare of these children jurisdiction of this cause is retained by the court.''

Some time later the wife filed a petition, in which she alleged that J. T., Jr., and Virginia had declined to live with their father, and were making their home with her, and she alleged that she had incurred an expense of a thousand dollars in procuring a suitable home for herself and the children, and that she had no income except that derived from her alimony, which she alleged was insufficient to support herself and the children. She alleged that she had two brothers living in the State of Wyoming, who were willing and able to assist in rearing the children, and she prayed that the custody of the children be awarded to her, and that she be given permission to take them to that State. In addition, she prayed that the court require Mr. Nelson to reimburse her for the support of J. T., Jr., and Virginia since the date of the decree, and that he be required to make fixed contributions to their support.

The prayer of the petition was resisted, and at the hearing the court declined to allow Mrs. Nelson to take the children to Wyoming, but did award their custody to her, and, in addition, allowed her $180 for the care of J. T., Jr., and Virginia for the six months which they had been with her since the original decree, and directed that he pay Mrs. Nelson $50 per month for their care, until the further orders of the court, and that he pay her attorney a fee of $100, and this appeal is from that decree.

It appears that Paul, the oldest son, had entered the navy, and there is no controversy about his custody.

Mrs. Nelson testified that, after obtaining the decree, she prepared a home for herself and Geraldine at a cost of a thousand dollars, and that soon thereafter J. T., Jr., and Virginia came to live with her, and had since made their home with her. She denied that she had en-

ticed or induced the children to leave their father. She testified that Mr. Nelson desired to send the son to the State University and the daughter to a convent, but neither was willing to go, and neither went.

It is undisputed that the original decree made what was intended to be a final allowance of alimony to the wife; and it is admitted that the sum awarded was arrived at by conference and agreement. Later Mrs. Nelson claimed that she was entitled to certain household goods in addition to the alimony allowed her, and she and Mr. Nelson entered into an agreement which recited that it was "in full settlement of all claims" by Mrs. Nelson. This agreement allowed Mrs. Nelson to remove the household articles there mentioned, and, according to Mr. Nelson, required him to practically refurnish his home.

J. T., Jr., testified that his father protested against his leaving home, and had invited him to return, but he had declined to do so, that he loved his father, but preferred to live with his mother, and considered that his duty. He admitted that he was unemployed, and had declined to accept employment from his father. Virginia testified that at the time of the divorce she thought she would live with her father, but had changed her mind and now desired to live with her mother.

Mr. Nelson testified that he refurnished his home, and had induced his sister to keep house for him. That he loved his children, and felt they were all he had, but both had declined to accept his offer to go off to school. His friends advised him that his son was spending his time in idleness, and that he frequented a pool-hall and ten-pin alley; and his son admitted that he did visit these places; that he offered his son employment at $5 per week to stay in his office afternoons and on Saturdays, and that he did this to have the boy near him and under his influence; but this offer had been declined, and the boy had secured no other employment.

The case presents a domestic tragedy for which the law has no adequate remedy. We can only order what appears to be best, or, rather, least harmful, for the children. Unfortunately, they can not have, simultaneously, the father's protection and the mother's care.

In the original decree the court awarded to the father the custody of all the children except the youngest child. That decree appears to have conformed, not only to the agreement of the parties, but to numerous decisions of this court announcing the rule to be that, by statute as well as at common law, the father, unless incompetent or unfit, is the natural guardian of his minor children and entitled to have their custody and the care of their education. In the case of *Weatherton* v. *Taylor,* 124 Ark. 579, we held that a decree granting a divorce and awarding the custody of the child to the father is a final adjudication that the father, and not the mother, is the proper custodian of the child, and that, before an order changing the custody can be made, there should be proof showing a justification for the change.

We think the proof here does not meet that requirement. It is certainly highly advantageous that the boy should go to school, and that he should have some employment; and we have concluded from the testimony in the case that he is more likely to be subjected to this discipline at the hands of his father than at those of his mother. And we think no sufficient showing was made to change the original decree in regard to the daughter. It is true the original decree recited that jurisdiction of the cause was retained for the purpose of guarding the welfare of the children. But that recital did not prevent the decree from being a final one, nor render it unnecessary to affirmatively show that a proper disposition had not been made of the children, and the necessary showing has not been made.

We think it follows that Mrs. Nelson was a mere volunteer in furnishing a home for the children. Mr. Nelson was the parent authorized by the order of the

court to render that service, and he was prepared to do so, and desired to do so.

This view of the matter reverses also the order of the court directing Mr. Nelson to pay Mrs. Nelson $50 per month for the future care of the children.

It follows also that the allowance of attorney's fees must be reversed. At section 49 of the article on Alimony in 1 R. C. L., at page 902, the law is announced as follows: "As a general rule, an action for alimony can not be brought after the rendition of a judgment for divorce, even though the decree is silent on the matter; for, as the question of alimony might, and should, have been litigated therein, such decree operates as *res judicata* as to the question of alimony." See, also, 7 R. C. L., page 792.

The original decree undertakes to settle, and did adjudicate, the marital rights of the parties. The divorce granted was an absolute one, and terminated the husband's liability for his wife's obligations. He would thereafter be no more liable for her lawyer's fees than he would be for any other contractual obligation which she had incurred.

The decree will, therefore, be reversed, and the cause remanded with directions to dismiss the supplemental complaint.