[No. 19265. Department One. January 11, 1926.]

## MARY L. KINNE, Appellant, v. VICTOR A. KINNE, Respondent.[1]

[1] APPEAL (23)—AMOUNT IN CONTROVERSY—SUITS IN EQUITY. An appeal from the modification of the alimony provisions of a decree of divorce, being a proceeding in equity, is not subject to the $200 jurisdictional limitation upon the amount in controversy in actions at law.

[2] DIVORCE (75)—ALIMONY—MODIFICATION OF DECREE. Under Rem. Comp. Stat., § 988, providing that the interlocutory decree shall make necessary provision as to alimony and support, which shall be final and conclusive, the court is without power to later modify the same as to past or over-due installments, notwithstanding a provision of the decree that the court expressly retains jurisdiction to change the amount; since that only relates to future installments.

[3] CONTEMPT (25)—TRIAL (159)—SUFFICIENCY OF FINDINGS. The memorandum of the trial judge appearing in the record, containing very ample findings, constitutes sufficient findings of fact to sustain a judgment of contempt.

Appeals from orders of the superior court for Benton county, Truax, J., entered October 1, 1925, modifying a decree of divorce and adjudging plaintiff guilty of contempt, after a trial to the court on the merits. Reversed as to the first order, and affirmed as to the contempt order.

[1]Reported in 242 Pac. 388.

*James Collins Lloyd,* for appellant.
*Phil G. Warnock,* for respondent.

Holcomb, J.—Two appeals from two different orders growing out of divorce proceedings are very confusedly brought here from the orders of the court below. The record in another damage suit is also brought up by respondent, for which there is no warrant, and which will not be noticed. The record relating to these appeals is in many fragments.

One appeal is from an order on a petition for modification of the divorce decree in which appellant, now Mary L. Jameson, was granted a divorce, without contest on the part of respondent, in the lower court, after an interlocutory decree had been entered providing for alimony and maintenance money in installments of $30 per month, to be paid appellant for the care and support of two minor girls, and the custody of the children, subject to certain conditions, awarded appellant. In the interlocutory decree there was inserted a provision as follows:

"and the court expressly retains jurisdiction of the parties herein for the purpose of . . . change of the amount defendant shall pay."

Upon the amended petition for modification of the decree as to the custody of the children and the amount of alimony to be paid, the lower court changed the custody of the children, subject to certain conditions, from appellant to respondent, for certain periods, and reduced the alimony to be paid to $15 per month. The order of modification also provided that,

"The alimony provision of the decree of divorce be and the same is hereby cancelled. That the alimony indebtedness due from defendant to plaintiff at this time be and the same is hereby cancelled."

It is from these provisions of the order of modification that one appeal comes.

[1] Respondent objects to the consideration of the appeal here upon the ground that the amount involved is not sufficient to give jurisdiction to this court. The objection is untenable, for a divorce case is in the nature of an equity case, and all provisions of the decree are reviewable before this court, when brought here properly and timely.

[2] While there is very clear and convincing evidence justifying the trial court in cancelling the provision of the decree as to alimony due after the date of the petition for modification, and the trial court had such power, it had no power to cancel the provision of the decree as to alimony then accrued, that is, up to October 1, 1924.

Rem. Comp. Stat., § 988, provides that the court shall, in the interlocutory order, make necessary provisions as to alimony, costs, care, custody, support and education of the children, etc. It also provides that such order as to the custody, management and division of property shall be final, and conclusive upon the parties, subject only to the right of appeal. In this divorce action there had been no contest, and the provision as to alimony had not been appealed from. The provision, therefore, as to the alimony and award of property or money for the support of the children became final. The reservation in the original decree of divorce of jurisdiction, for the purpose of changing the amount which respondent should pay, was no more than the reservation of power to change the amount upon a proper proceeding to modify the decree in that respect upon changed conditions. The amended petition for modification and the evidence amply sustain the decree upon the basis of changed conditions after the date of the final decree, but could not reach back and alter the interlocutory

decree after its date and entry, and after the final decree was entered confirming the same. That is so even though the facts show, as here, strong justification for depriving appellant of the past due alimony.

We distinctly held in *Beers v. Beers,* 74 Wash. 458, 133 Pac. 605, that the power of the court to modify a decree as to the installments of the alimony *past due and unpaid* does not exist. The rights of the parties with reference to such installments became absolute and fixed at the time provided in the decree for their payment, and as to such time the decree is not subject to modification. See, also, *Harris v. Harris,* 71 Wash. 307, 128 Pac. 673.

On the appeal from that order, therefore, the judgment of the trial court is reversed and it is instructed to reinstate the original decree as to the alimony past due at the time the original petition for modification was filed.

[3] The other appeal is from an order adjudging appellant in contempt for obstruction and interference with the decree of divorce as to the custody of the children, and the rights of the father, respondent here, in that respect.

No findings of fact were made by the trial court upon the proceeding to have appellant adjudged in contempt, and respondent, therefore, contends that, under the decision in *State ex rel. Dunn v. Plese,* 134 Wash. 443, 235 Pac. 961, the cause must be remanded for such findings. But in this record the memorandum of the trial court upon the contempt proceeding was made to appear in the record, which contains very ample findings.

A review of the evidence convinces us that there was overwhelmingly clear and convincing evidence to sustain the findings of the trial court to the effect that appellant was very contumacious.

There is nothing in the record justifying us in disturbing the findings and order of the trial judge.

The order of contempt is, therefore, affirmed.

Neither party will recover costs of appeal in this court.

TOLMAN, C. J., ASKREN, MACKINTOSH, and FULLERTON, JJ., concur.