[No. 22390.  Department Two.  July 1, 1930.]

LILLIAN M. GAINSBURG, *Respondent*, v. ROSE LEFF
GARBARSKY, *as Administratrix, Appellant.*[1]

[1]Reported in 289 Pac. 1000.

*S. Edelstein,* for appellant.

*Robert Weinstein* and *L. F. Callahan,* for respondent.

FRENCH, J.—Respondent brought this action against the appellant, Rose Leff Garbarsky, as administratrix with the will annexed of the estate of Isadore M. Leff, deceased, to recover $5,050 claimed to be due as support money awarded for the care of Janet Leff, she being the minor child of respondent and Isadore M. Leff, deceased.

The complaint alleges the marriage of respondent and Isadore M. Leff; the birth of their child, Janet; alleges that the child was, at the time of the commencement of the action, thirteen years of age, in the custody of, and solely dependent upon, respondent for her maintenance and support. It is further alleged that, in April, 1921, decedent, Isadore M. Leff, and respondent were divorced in the state of Ohio, and it is alleged that the custody of the child was awarded to respondent, and that the deceased, Isadore M. Leff, was ordered to pay the sum of fifty dollars per month, payable monthly, for a period of ten years from and after the first day of February, 1921, for the maintenance and support of such minor. It is also alleged that, in November, 1921, Isadore M. Leff died while a resident of Spokane county, Washington; that appellant was duly appointed administratrix with the will annexed of his estate; that she duly qualified; that a claim was properly presented to said estate, disallowed; and that thereafter this action was commenced to recover the support money claimed to be due by virtue of such decree of divorce.

To this complaint, an answer was filed, making certain admissions and denials, and pleading, as a first affirmative defense, that the plaintiff had no legal

capacity to sue, on the ground and for the reason that the claim presented was defective.

The second affirmative defense alleged that, for a period of approximately three years, the minor child in question had been in the custody and control of the deceased, and that, during all that time, he had had her sole care and had properly provided for her support during that entire time, and claimed a credit on such claim, providing the same was allowed, for the time when said child was in his care and custody.

. For a third affirmative defense, it was claimed that the money due for support subsequent to the death of the deceased for the remainder of the ten-year period was not such a claim as could be presented and enforced against the estate of the deceased.

For a fourth affirmative defense, it was claimed that deceased had procured certain policies of life insurance in which he had named his minor child, Janet Leff, as beneficiary; that these life insurance policies aggregated an amount more than ten thousand dollars; that they would pay annual dividends to the extent of more than $350, and it was claimed that, for that reason, there could be no recovery.

For a fifth affirmative defense, it was claimed that, while the minor child of the parties was in the custody of the deceased, respondent had obtained her possession; that the deceased thereafter instituted habeas corpus proceedings in the superior court of Spokane county to recover possession of the child; that thereafter it was agreed between the parties that the habeas corpus proceedings should be dismissed in consideration of respondent's releasing the decedent from all claims for payment for the support of the minor child.

The lower court sustained the demurrer as to the first, third, fourth and fifth affirmative defenses, and, the cause being tried before the court without a jury,

judgment was awarded against the estate in the sum of $3,650. It will thus be seen that the trial court allowed appellant credit on the claim at the rate of fifty dollars a month for a period of thirty-six months during which time the evidence shows that the minor child was in the care, custody and control of the decedent. Both parties to this action have appealed, it being the contention of the appellant that no judgment in any amount could be allowed, and it being the contention of the respondent that no credits should be allowed on the claim for the time during which the child was actually in the care and custody of, and supported by, the decedent.

The claim presented by respondent, and to which objection is made, is in words and figures as follows:

"In the Superior Court of the State of Washington in and for the County of Spokane
"In the matter of the estate of } No. 22319
"Isadore M. Leff, deceased } Creditor's Claim
"Estate of Isadore M. Leff, deceased,
"To Janet E. Leff, a minor, Dr.
"Items

"The claimant, a daughter of the deceased, now living with her mother, (Mrs. Lillian Gainsburg) in the city of Chicago, state of Illinois, through a divorce proceeding that was instituted in Cleveland, Ohio, a certified copy of said final decree which is herewith attached, was awarded by said court, commencing February 1; 1921, the sum of $50 per month for her support and maintenance; that no part of same has been paid, except the sum of $50, leaving a balance due and owing on said judgment of $3,650 at the time of death ........................................$3,650
And the further sum of $1,400 remaining unpaid. 1,400
This claim is filed by Lillian Gainsburg for and on behalf of Janet E. Leff, her daughter, who is a minor, according to the terms of said decree.
State of Illinois, } ss.
County of Cook }

"Lillian Gainsburg, who is the mother of Janet E. Leff, a minor, being duly sworn, says that she is the

creditor above named, that the amount of said claim, to wit: the sum of $3,650 and the further sum of $1,400 remaining unpaid, is justly due said claimant, that no payments have been made thereon which are not credited, and that there are no offsets to the same, to the knowledge of said affiant.

"LILLIAN GAINSBURG,

"Subscribed and sworn to before me this 17th day of June, 1929.        HARRY O. ROSENBURG,

"Notary Public in and for the State of Illinois, residing at Chicago."

The certified copy of the judgment entered by the court of common pleas for Cuyahoga county, state of Ohio, was attached to the above claim and also to the complaint, and, in so far as it is material to this cause, reads as follows:

"On the 29th day of April, 1921, being a day in said April term of court. This day this cause came on to be heard on January 27, 1921, upon the petition of the plaintiff, the answer and cross-petition of the defendant and the evidence. And the court being fully advised in the premises, finds that the allegations of plaintiff's petition as to the resident of the parties, marriage of the parties and birth of one child, are true; the court further finds that the other allegations of said petition are not true and said petition is hereby dismissed; The court further finds that the allegations of defendant's answer and cross-petition are true; that said plaintiff was duly notified according to law of the filing of said cross-petition; that defendant is entitled to a divorce on the grounds of gross neglect of duty; that the marriage contract heretofore existing between the parties hereto be, and the same is hereby dissolved and both parties are released therefrom. The court further finds that defendant is entitled to have the custody, care and control of the minor child of the said parties, and the same is hereby awarded to her, said child being at the home of one Mrs. A. M. Miller, 9226 Miles avenue, city of Cleveland, county of Cuyahoga, at the time said petition and said answer and

cross-petition were filed. The court further orders that plaintiff pay for the support of said minor child the sum of $50.00 each and every month for a period of ten years, beginning on the 1st day of February, 1921. The court further orders that plaintiff pay the costs in this action and judgment is hereby given against him for said costs. Record waived. 223-293.''

■ Our statute relative to the filing of claims against estates is contained in Rem. Comp. Stat., § 1477 *et seq.* No particular form of claim is prescribed by the statute. The gist of the statute and the gist of our decisions is that the claim must be properly served and filed, and that the claim must be supported by the affidavit of the claimant. It will be noticed that the claim in question is founded upon a judgment entered by a court of record in the state of Ohio. The claim is verified by Lillian Gainsburg as a creditor, and not only are the particulars concerning the origin of the claim set forth within the claim notice, but a certified copy of the judgment itself was attached to the claim. True, the judgment does not provide in words that the payment shall be made to Lillian Gainsburg, but the custody of the child was awarded to Lillian Gainsburg, and we think it clearly appears that the intention of the judgment was to provide for the care, custody and support of the minor child, Janet, and that the payments should be made for such care, custody and support to the mother, Lillian Gainsburg, during such time as the child was in her actual care and custody.

The claim, as filed, discloses every essential matter and particular pertaining thereto in the fullest detail, not only the amount of the claim, but further discloses all the facts concerning its origin. The mandatory provision of the statute that the ''claim served and filed . . . shall be supported by the affidavit of the claimant that the amount is justly due, that no pay-

ments have been made thereon, and that there are no offsets, etc.," was complied with strictly. Whatever uncertainty may be said to exist in the body of the claim is made certain by the certified copy of the decree and the affidavit. We think it sufficiently complies with our statute relative to claims against estates.

The third affirmative defense to which a demurrer was sustained pertained to the $1,400, being the remainder of the support money payable after the death of the deceased. This court, in *Stone v. Bayley,* 75 Wash. 184, 134 Pac. 820, 48 L. R. A. (N. S.) 429, held that installments under a contract for the support of a minor child accruing after the death of the father may be the basis of a claim against the estate, and, while it is true that this claim is founded on a foreign judgment, the amount due is fixed and certain. The demurrer was properly sustained. ·

The fourth affirmative defense relates to the procurement from the deceased of ten thousand dollars life insurance, payable to his daughter, Janet. Attached to the answer is the will of deceased, which provides:

"I give, devise and bequeath to my daughter Janet Elsie, aged about thirteen years, the sum of five dollars, and all my life insurance that I now have that is payable to her."

This is the only paragraph of the will wherein decedent refers to his daughter in any way, or to this particular life insurance. The will itself is short, consisting of but six paragraphs, and the paragraph which we have quoted is the longest paragraph therein. There is nothing in the will itself or in the record of this case to indicate any intention on the part of the decedent to substitute this life insurance for the support money he was required to pay by virtue of the divorce decree. Even assuming that such an intention

on his part would have constituted a good defense, it does not appear. All that does appear from this record is that, sometime during the course of the decedent's life, he procured two life insurance policies, amounting to five thousand dollars each, payable to his daughter as beneficiary.

We think that, in legal contemplation, this insurance must be considered as a gift to his child, and cannot in any way be considered as being in satisfaction of any indebtedness created; particularly in view of the fact that the child is named as beneficiary in the policies, and will undoubtedly receive the amounts payable by virtue of being named such beneficiary in the policies, rather than by virtue of the will.

■ The fifth affirmative defense was, in substance, that, while the child Janet was residing with her father in Spokane, respondent secretly took her, and that the deceased instituted habeas corpus proceedings for the recovery of possession of the child, and in consideration of the dismissal of these proceedings, it was agreed that respondent would waive all claim for support. While it is true that forbearance to prosecute a valid claim may form the consideration for a promise, yet, as was stated by this court in *Nicholson v. Neary,* 77 Wash. 294, 137 Pac. 492, ". . . the forbearance must pertain to a claim upon which recovery might certainly be had or where recovery is at least doubtful."

At the time this habeas corpus proceeding was instituted by the decedent, the child was and had been legally awarded by the decree of the Ohio court to the mother, and there is nothing in this record which would indicate that there was the slightest probability that the father could have prevailed in the habeas corpus proceeding, even had he proceeded with it. Again, we think it is very doubtful whether or not a mother can

waive support money which has been awarded for the benefit of a minor child in her custody, at least until it affirmatively appears that she is able to provide for the child without receiving the support money.

Touching respondent's appeal, it clearly appears from the record that, for a period of three years, this child was supported by the father. As to the method by which he obtained the custody and control of the child during those three years, the record is somewhat uncertain, but it does not affirmatively appear that he kidnaped the child in violation of the decree of the Ohio court.

The order made by the Ohio court was that the plaintiff "pay for the support of said minor child the sum of $50 each and every month for a period of ten years."

It being made to affirmatively appear that, during the three years in question, decedent actually did support and care for the minor child Janet, the credit was properly allowed.

We find no error in the record, and the decree is therefore affirmed.

MITCHELL, C. J., FULLERTON, MAIN, and HOLCOMB, JJ., concur.