McCourtney v. McCourtney.

4-6914                                         168 S. W. 2d 200

Opinion delivered January 25, 1943.

*Bon McCourtney* and *Claude E. Brinton,* for appellant.

*C. T. Carpenter,* for appellee.

SMITH, J. This appeal is the culmination of protracted litigation between appellant and appellee, his wife, involving the custody of their three children, all girls, one, Bonnie Lee, age 15, another, Willie Dan, age 13, and the third, Julia Ann, age 10, and the amount which appellant should be required to pay his wife for her support and that of the children.

A decree of divorce was granted the wife on July 22, 1941, which gave her the custody of the children, with alimony in the amount of $100 per month. She was allowed $50 for the fee of her attorney and $10 for his expenses.

On October 20, 1941, the court rendered a supplemental decree reducing the allowance to $75 per month and granting the custody of Bonnie Lee, the oldest child, to appellant, who was ordered to pay an additional fee to his wife's attorney of $35.

Other proceedings were had in which a reduction of the alimony was prayed on the one hand, and the aid of the court invoked on the other to require payment of the arrearage in the alimony which had been allowed, and each party prayed the court for an order granting sole custody of all the children. The record is full of contradictions in the testimony, which cannot be reconciled, and there is manifested an attempt upon the part of each parent to prejudice the children against the other parent. The final decree, from which is this appeal, awarded the custody of all three children to the wife and ordered the father to pay $75 per month alimony, and allowed additional fees to the wife's attorney, all of which fees total $170, no part of which has been paid. Appellant has never paid this alimony promptly and his arrearage has increased from month to month. He claims to have paid only $485 on this account, and has paid nothing to his wife's attorney.

Without reviewing the conflicting testimony, we announce our conclusion to be that the welfare and best

interests of the children, which is, of course, the primary consideration, require that they be kept together, and, in view of the fact that the children are all girls and the youngest only 10 years old, we think the chancellor properly awarded the custody of all the children to their mother.

Appellant does not question the divorce, nor does he seriously question his obligation to pay alimony. His insistence is that he has been ordered to pay a sum beyond his means and ability. In cases like the instant case, two questions arise. First, what are the needs of the wife and children, suitable to their station in life, and what sum will be required to satisfy them? Second, what is the ability of the husband and father to pay?

Upon the first question it may be said that the allowance is not excessive, but, upon the second, we are of the opinion that the allowance is beyond appellant's ability to pay, and that fact must be taken into account whatever the answer to the first question may have been.

At one time appellant operated a garage, which he has closed for lack of equipment. He owned a pool hall, upon which there is a mortgage and a suit pending to foreclose it. He owned a whiskey store, which he operated at a small profit, and he was unable to raise the money to obtain the necessary permit to continue operations. He owns a small home in Monette, but this, too, is under mortgage. He is a practicing attorney, with the usual equipment found in a law office, but he says the revenue from this source has largely dried up, and he attributes that fact to this litigation. He owns two automobiles, but these are probably a liability instead of an asset. This story is no doubt as gloomy as appellant could well make it, but he has not shown his inability to pay alimony. He has not lost his earning capacity.

We affirm the custody of the children to their mother, and appellant is ordered to pay the arrearage in alimony in the amount fixed by the court, that is,

$75 per month up to February 1, 1943, but, from and after that date, the alimony will be fixed at $60 per month, most of which will and should be devoted to the support of the children.

Fees allowed by the court below to the wife's attorney total $170, and appellant is directed to pay the attorney that sum. The record discloses that this fee has been well earned, and, if appellant's finances permitted, a larger fee would be allowed, but, under the circumstances, we allow no additional fee.

During a portion of the time covered by this litigation appellant had the custody of Bonnie Lee, under the order of the court, but, on October 20, 1941, he was directed to return the custody of this child to her mother, but a citation for contempt was required to compel him to obey that order. For some months he also had the custody of Willie Dan, the second child, and the testimony is conflicting as to how this custody was obtained, but it is not contended that this change in custody was accomplished with the mother's consent.

Appellant asks credit on the alimony he is required to pay for the amount of the expenses incurred while Willie Dan was in his custody. He is not entitled to this credit, for the reason that he was a volunteer, if nothing worse, in taking this child into his custody, which was done in violation of the order of the court.

In the case of *Nelson* v. *Nelson*, 146 Ark. 362, 225 S. W. 619, the custody of children, whose parents had been divorced, was awarded to the father, but, without his consent, the children returned to the mother to live with her. It was held, under these circumstances, that the mother could not recover from the father expenses incurred in furnishing a home for the children, since, in doing so, she was a mere volunteer. So, here, appellant was not only a volunteer in furnishing Willie Dan a home, but he has done this in violation of the order of the court, and will not, therefore, be allowed the credit which he asks.

The decree accorded the father the right of visitation, but only with the written permission of the mother.

We do not approve this order. The father should have and is given the right of visitation at any and all reasonable times, and that right will be accorded him. As modified the decree will be affirmed.