DUFFY *v.* DIXON.

4-7859
193 S. W. 2d 314

Opinion delivered March 25, 1946.

· *John Baxter* and *Robert A. Zebold,* for appellant.

*E. W. Brockman,* for appellee.

McHANEY, J.   Appellant is the father and appellee is the maternal grandmother of the three minor Negro children whose custody is involved in this action, Ora Lee, a girl, Leon, a boy, and Kathleen Duffy, a girl, aged 13, 11 and 9 years respectively at the time of trial.

Appellant and Ella, the mother of said children, were married in 1930.  They separated in 1936 when she moved to the home of her mother, appellee, taking said children with her with appellant's consent, or at least without objection from him.  They were divorced in 1943, and the custody of said children was not at issue, and they continued in her custody at the home of appellee, until her death in 1944.

Appellant resides in Desha county, and appellee's home now is, and at all times herein mentioned was, at Gould, in Lincoln county. After the death of Ella, the mother of said children, appellant sought their custody, but appellee refused to let him have them. Early in 1945, perhaps early in February of that year, appellant went to the school house in Gould, where said children were in attendance, and abducted two of them, Leon and Kathleen, and took them to his home in Desha county. Appellee, a few days later, on February 9, filed a *habeas corpus* action in the Lincoln chancery court to regain the custody of Leon and Kathleen, and for the permanent custody of all three of them. She alleged that she has had their care and custody for the past nine years and that appellant had made no contributions to their support during that time. Also that he is not a fit and proper person to have their care and custody. The court awarded the writ and directed appellant to deliver the children temporarily to appellee and set the case for trial at the April term of court. Appellant filed a response to the petition denying that he had not contributed to them and that he was not a fit and proper person to have them.

Trial resulted in an order finding that appellee is a fit and proper person to have the care and custody of said children and the writ was made final with the right of visitation to appellant. This appeal followed.

Appellant makes two contentions for a reversal of said order. The first is that he, being the father of said children and a fit and proper person, has the prior right to their care and custody. The court made no finding that he is an unfit or improper person, and ordinarily a parent who is a fit and proper person has the prior right to the care and custody of his children. But a court of equity dealing with the custody of infant children of divorced parents must be guided by a consideration of the best interests of such children, as their welfare and best interests are the primary consideration in determining their custody. *McCourtney* v. *McCourtney*, 205 Ark. 111, 168 S. W. 2d 200; *Blain* v. *Blain*, 205 Ark. 346, 168 S. W. 2d 807.

As stated above appellant and Ella, his wife, were separated in 1936, and she took the children to her mother's home with either his acquiescence or consent, where they have remained until this time. They were divorced in 1943 on his complaint which did not ask for their custody and no disposition was made of them in the decree. An examination of the evidence discloses that he apparently took very little interest in them for a period of nine years, or until after Ella's death, when the children had reached an age to make them useful in his farming operations. He contributed substantially nothing to their support. On the other hand appellee took them and their mother into her home, took care of them, sent them to school, fed and clothed them, and, according to the evidence, is doing a very good part by them. We think the trial court correctly awarded their custody to appellee.

The second contention is one made for the first time in this court, that the Judge of Lincoln chancery court was without jurisdiction to issue the writ of *habeas corpus*, directed to appellant,, a resident of Desha county in another Chancery District, and make it returnable before himself. Our recent case of *State* v. *Ballard, ante,* p. 397, 190 S. W. 2d 522, is cited to support this argument. But that case is not controlling here. There the State objected to jurisdiction from the beginning and the sole question presented on appeal was that of jurisdiction. Here the question was not raised in the trial court. Appellant filed a response, entered his appearance and thereby consented to the jurisdiction. The court had jurisdiction of the subject-matter of the action and consent gave jurisdiction of the parties.

Affirmed.