[No. 33394. Department Two. February 16, 1956.]

PAULINE DITMAR, *Appellant,* v. HENRY DITMAR, *Respondent.*[1]

¹Reported in 293 P. (2d) 759.

*James J. Keesling,* for appellant.

*Edwards Merges,* for respondent.

MALLERY, J.—The parties were divorced in Seattle, Washington, on March 18, 1944. Plaintiff wife was given custody of their minor children, Ailene, Joan, and Robert, and an award of eighty dollars a month for their support.

By agreement, Joan went to live with her father in July, 1948, and the payment for child support was reduced one third. After a year, she returned to her mother, and the full eighty-dollar payments were resumed. In August, 1950, Ailene married and went to Wisconsin to live. Support payments were again reduced one third. In September, 1952, Joan went to live with her father permanently. Thereafter, support money was paid only for Robert in the amount of approximately one third of the original award.

The object of the instant proceeding was to procure a judgment against the father in the aggregate amount of the aforementioned reductions. This appeal is from the court's approval of the reductions and the modification of the award for Robert's future support to thirty dollars a month.

The trial court predicated its order upon the agreement of the parties. Appellant contends she did not have the power to waive any of the support payments provided for in the decree. We have held that a mother has no personal interest in child-support money and holds it only as a trustee. *Wheeler v. Wheeler,* 37 Wn. (2d) 159, 222 P. (2d) 400. She can not waive the children's rights in the support money. *Herzog v. Herzog,* 23 Wn. (2d) 382, 161 P. (2d) 142. This deprived her agreement of any binding effect, since it related to future payments rather than accrued payments.

The court's jurisdiction to enforce support-money judgments is predicated upon the continued dependency of the children in question. It follows that a mother cannot compel payments of support money for children whose dependency upon her has ceased by reason of death, emancipation by marriage, attainment of majority, service in the Armed Forces of the United States, adoption, incarceration in penal or other custodial institutions, or economic suffi-

ciency resulting from earnings, gifts, or inheritance. In the absence of specific provisions to the contrary, there is a necessary implication in every decree for child support, that its binding effect shall extend into the future only for the period during which the children's dependency upon their custodian continues. *Poland v. Poland*, 63 Wash. 597, 116 Pac. 2; *Penney v. Penney*, 151 Wash. 328, 275 Pac. 710; *Troyer v. Troyer*, 177 Wash. 88, 30 P. (2d) 963; *Anderson v. Anderson*, 27 Wn. (2d) 122, 177 P. (2d) 83; *Van Tinker v. Van Tinker*, 38 Wn. (2d) 390, 229 P. (2d) 333.

While Joan lived with her father, and after Ailene's emancipation by marriage, there was no dependency for their support upon the mother. The provisions of the decree that required support payments to be made to their mother were, therefore, inoperative during such periods. *Gainsburg v. Garbarsky*, 157 Wash. 537, 289 Pac. 1000; *State ex rel. Meins v. Superior Court*, 159 Wash. 277, 292 Pac. 1011.

The appellant contends that the eighty-dollar award should not be segregated into separate equal allotments for each child, because the total amount was clearly inadequate for their support, and was fixed at eighty dollars because of the father's inability to pay more. She contends, therefore, he should pay the full amount until the last child's dependency ceases.

It is true that child-support awards are frequently limited by the father's ability to pay, and the court has the right to so construe a decree where the language of the decree and the facts so indicate. The rule regarding the court's power to construe a decree is found in *Dillon v. Dillon*, 34 Wn. (2d) 12, 207 P. (2d) 752; *Starkey v. Starkey*, 40 Wn. (2d) 307, 242 P. (2d) 1048.

The reason for the rule sustaining the court's power to construe the decree, is that support-money judgments are based upon defaults occurring *after* the entry of a decree from which they are derived. The alleged judgment debtor is entitled to due process of law as to such extrinsic facts and can controvert them in court, if he elects to do so. A proceeding to obtain a judgment for support money requires

the court to find the facts and apply them to the decree as he construes it.

In the instant case, the court construed the decree as providing a severable·award adequate for three children. This appears from the fact that the court modified the award for the future support of Robert to thirty dollars, which is practically one third of the original award for all three children.

We find no abuse of discretion in making this modification of the decree.

The judgment is affirmed.

HAMLEY, C. J., HILL, WEAVER, and FINLEY, JJ., concur.

---

March 26, 1956. Petition for rehearing denied.