FINKBEINER *v.* FINKBEINER.

5-091                                    288 S. W. 2d 586

Opinion delivered April 2, 1956.

*Terral & Rawlings* and *John T. Haskins,* for appellant.

*Owens, McHaney, Lofton & McHaney,* for appellee.

MINOR W. MILLWEE, Associate Justice. Appellee was granted a divorce from appellant on March 1, 1955. A separation agreement and property settlement previously executed by the parties was incorporated in and made a part of the decree. In accordance with said agreement the decree provided that appellant should have custody of their seven year old adopted daughter and that appellee should pay her $25.00 per week for the child's support. Appellant had custody of the child until July 19, 1955. On that date the child was left to spend the night in appellee's home as she did occasionally. The next day appellee refused to surrender the child and had some sort of order served on appellant, the exact nature of which is not disclosed, restraining her from calling appellee on the telephone or going about his separate residence.

On July 29, 1955, appellee filed the instant petition to modify the original divorce decree by giving him custody of the child. After appellant responded a hearing was held September 15, 1955 resulting in a decree granting appellee's petition because of changed conditions since rendition of the original decree, with the right of appellant to have the child on alternate Saturdays from 9 a. m. to 6 p. m. A fee of $100.00 was allowed appellant's attorneys but her prayer for alleged arrearages in the weekly child support payments was denied. This appeal is from so much of the decree as awarded custody of the child to appellee and denied the prayer for judgment for the support payments. Appellant also asks an additional fee for the services of her attorneys on this appeal.

## I. *Change of Custody.*

Appellant earnestly contends the chancellor erred in considering personal information not produced in the trial of the case and certain incompetent evidence elicited on the court's own motion; and that the evidence adduced by appellee is insufficient to show such changed conditions since the original decree as to justify a change in the child's custody. Each of these contentions might be worthy of serious consideration and entitled to merit except for the fact that appellant, by her own admissions and testimony, demonstrated that the safety and welfare of the child would be best served by a denial of custodial rights to her for the time being. It would serve no useful purpose to detail the excessive drinking, drunken driving and other indiscretions over a protracted period since the original decree which appellant frankly admitted from the witness stand. Suffice it to say that such admissions afforded sufficient basis for the chancellor's determination that a present change of custody was for the best interest of the child.

## II. *Arrearage in Support Payments.*

A preponderance of the evidence supports appellant's contention that appellee voluntarily took charge of the child on July 19 without proper court order and thereafter refused to restore custody to appellant or her attorneys. If appellee felt he was entitled to immediate custody, as he now contends, he should have procured a proper court order authorizing such action. Appellant had probably made definite financial arrangements for the child's care in reliance on a proper compliance with the decree by appellee. Appellee is a principal stockholder in a meat packing company and financially well fixed, while appellant is apparently dependent on the alimony and child support payments. Under all the circumstances, appellee was a mere volunteer in taking custody in violation of the court's original decree and is not entitled to credit to the extent of the weekly payments for the expenses incurred between July 19 and the trial date. This is the effect of our holding in

*McCourtney* v. *McCourtney,* 205 Ark. 111, 168 S. W. 2d 200.

### III. *Attorney Fees.*

While appellee did not appeal from that part of the decree allowing a fee to appellant for her attorneys' services in the trial court, it is insisted that she is precluded from recovering an additional fee for such services in this court under *Nelson* v. *Nelson,* 146 Ark. 362, 225 S. W. 619. It is true that the court held outright in that case that a divorced wife is not entitled to attorney's fees in a proceeding for change in the custody of children after rendition of a final decree of divorce. However, as appellee frankly concedes, this holding was not followed and the case has become of doubtful value as a precedent by reason of such subsequent cases as *Vilas* v. *Vilas,* 184 Ark. 352, 42 S. W. 2d 379, and *Hydrick* v. *Hydrick,* 224 Ark. 712, 275 S. W. 2d 878. In the *Vilas* case the mother was held entitled to additional attorney's fee in her suit to modify a divorce decree as to child custody but the majority attempted to distinguish the *Nelson* case on the ground that the custody question was left open by the terms of the *Vilas* decree.

The *Hydrick* case involved a proceeding for modification of the divorce decree giving custody of children to the father, and we said: "The court may in its discretion allow an attorney's fee in a child custody case after the parties have been divorced. In *Vilas* v. *Vilas,* 184 Ark. 352, 42 S. W. 2d 379, the court cited *Spratt* v. *Spratt,* 151 Minn. 458, 185 N. W. 509, 187 N. W. 227, and said: 'The opinion in that case recognized the fact that there was a division in the authorities, a number of which were there cited, but the conclusion was there announced that the chancellor had the power to make an allowance to the wife for her counsel fees in a proceeding for a modification of the judgment respecting the custody of the children, although a decree for divorce had been previously granted. Accepting this view, the majority are of the opinion that an additional fee . . . should be allowed.' See also, *Waller* v. *Waller,* 220 Ark. 19, 245 S. W. 2d 814.

Ark. Stats. Sec. 34-1210 provides for the allowance of attorney fees to a wife during the "pendency" of an action for divorce or alimony. In most jurisdictions with similar statutes the courts have held that such provision is broad enough to include cases wherein one of the parties has petitioned for modification of that portion of the decree relating to child custody after the decree has become final on the ground that the new proceeding is merely a continuation of the original action. See cases collected in an annotation on the question in 15 A. L. R. 2d 1270. This view is in harmony with our holdings in the *Vilas* and *Hydrick* cases and the general proposition that as to child custody the decree is only final on the conditions existing at the time of rendition. Where the petition for modification relates only to child custody as in the instant case, we conclude that the allowance of attorney fees to the divorced wife is a matter within sound judicial discretion and that so much of the *Nelson* case as holds to the contrary is overruled.

Although appellant was not entitled to custody of the child at the time of trial, it was shown that she was making a determined effort toward rehabilitation. In view of the possibility of future litigation of the custody question and in fairness to all concerned, we deem it appropriate to say that any future modification proceedings may be maintained in either division of the Pulaski Chancery Court. See *Robinson* v. *Robinson,* 218 Ark. 526, 237 S. W. 2d 20.

That part of the decree relieving appellee of the child support payments for the period from July 19 to the trial date is reversed and judgment will be entered here for appellant in the sum of $211.00 for such arrearage and for an attorney's fee of $250.00 in addition to the fee of $100.00 awarded by the chancellor. Appellee will pay all court costs and his motion to require appellant to pay cost of his supplemental abstract is denied. In other respects the decree is affirmed.