[No. 33678. *En Banc.* July 11, 1957.]

HILDA H. KOON, *Respondent and Cross-appellant,* v.
HOWARD KOON, *Appellant.*[1]

*Hay & Hamlin,* for appellant.

*Venables, Ballinger & Clark,* for respondent and cross-appellant.

FOSTER, J.—There is here for review, on both appeal and cross-appeal, the father's liability for accumulated monthly installments of support money for minor children awarded by divorce decree to respondent wife for a period when the

[1] Reported in 313 P. (2d) 369.

children lived with and were wholly supported by him. There is also presented the mother's right to collect monthly support allowances for a son in military service. Under the decree, which requires appellant to pay respondent for the support of their two boys "after completion of the school term in June 1948, the sum of $83.34 each, per month," the order appealed from requires appellant father to pay respondent all past-due accumulations except those matured more than six years prior to the institution of this ancillary divorce proceeding.

The modified decree contemplates that the boys were to have a very wide choice in deciding whether to live with their father or mother. Certain it is they changed homes at will, but, at all events, the respondent mother always maintained a suitable home for their accommodation. The decree does not relieve the appellant of his liability under such circumstances.

Three periods are involved: (1) school years in which one or both boys attended schools selected by the oldest son of the parties, pursuant to the arbitration clause in the decree, during which period they were entirely supported by the appellant father; (2) summer vacations when either or both of the boys lived with their father and were entirely supported by him; and finally, (3) the period of military service.

Respondent contends that under *Bradley v. Fowler*, 30 Wn. (2d) 609, 192 P. (2d) 969, 2 A. L. R. (2d) 822, the trial court's decision is correct, while appellant, on the other hand, contends that *Ditmar v. Ditmar*, 48 Wn. (2d) 373, 293 P. (2d) 759; *State ex rel. Meins v. Superior Court*, 159 Wash. 277, 292 Pac. 1011; and *Gainsburg v. Garbarsky*, 157 Wash. 537, 289 Pac. 1000, compel reversal; but we do not regard those decisions in irreconcilable conflict. Although there are expressions which seem on their face to be contradictory, nevertheless, the court was dealing with different circumstances. In following *Bradley v. Fowler*, *supra*, the Springfield (Missouri) court of appeals in *Steckler v. Steckler* (Mo. App.), 293 S. W. (2d) 129, 134,

said of *State ex rel. Meins v. Superior Court, supra,* and others of similar import, such cases "can be grouped under one umbrella, namely, the express or implied consent of the mother, who occupies the position of parent-trustee, to the payment of support money in manner other than directly to her." We find that analysis most accurate.[2]

The door is always open for a father who is required to make periodic payments for the support of minor children, to relieve himself of that liability by a petition to modify the decree *in futuro,* but he cannot remain silent while the installments accrue and then claim credit for his voluntary acts.[3]

A divergence of opinion exists in the courts of other states, but the settled jurisprudence of Washington is that accrued installments of support money are vested and may not be retrospectively modified. *Sanges v. Sanges,* 44 Wn. (2d) 35, 38, 265 P. (2d) 278; *McGrath v. Davis,* 39 Wn. (2d) 487, 236 P. (2d) 765; *Pishue v. Pishue,* 32 Wn. (2d) 750, 753, 203 P. (2d) 1070; *Kinne v. Kinne,* 137 Wash. 284, 242 Pac. 388; *Beers v. Beers,* 74 Wash. 458, 133 Pac. 605.

While it is to the father's everlasting credit that he cared for the boys in his own home, nevertheless, in view of the mandatory requirements of the decree respecting the payment of the monthly support installments to the mother, he was a volunteer and is not thereby relieved from the obligations of the decree. *Finkbeiner v. Finkbeiner* (Ark.), 288 S. W. (2d) 586; *McCourtney v. McCourtney,* 205 Ark. 111, 168 S. W. (2d) 200; *Nelson v. Nelson,* 146 Ark. 362, 225 S. W. 619; *Wills v. Baker,* 240 Mo. App. 705,

---

[2]"Divorce—Award for Support of Child—Credit for Payment" 22 Mo. L. Rev. 94.

[3]"If, under such a decree as we have here before us, the father could refuse to make the payments required of him and, in an attempt to justify such refusal, show that he had expended certain sums of money on his children while they were with him, it is evident there would be continuous trouble and turmoil. If a party to such a decree is not satisfied with its provisions relative to the custody of the children, or payments required to be made for their support, such party may always come into court and ask for a modification of the decree." *Bradley v. Fowler,* 30 Wn. (2d) 609, 620, 192 P. (2d) 969.

214 S. W. (2d) 748; *Assman v. Assman,* 192 Mo. App. 678, 179 S. W. 957. The observation of the Springfield court of appeals of Missouri in *Steckler v. Steckler, supra,* set out in the margin, is quite explanatory.[4]

The court found upon undisputed evidence that the parties' son George Philip Koon continuously served in the army from November, 1953, to November, 1955, but nevertheless, ordered appellant to pay to respondent the monthly support money until George's twenty-first birthday in September, 1955.

Appellant contends the son was emancipated by such military service, and that his liability for support terminated.

Respondent, on the other hand, contends appellant must make the support payments during the period of military service because the decree does not relieve him thereof during such period.[5]

It is presently unnecessary for us to decide that question, for the record before us discloses the army duty did not change the fact of dependency. Respondent's uncontradicted affidavit shows that during the entire period George lived in her home and was supported by her. George was assigned to duty in Seattle, at which time respondent, her husband, and the younger boy lived in an apartment too small to accommodate George, who, nevertheless, wanted to live with his mother; so she, at additional expense, rented a home for that purpose in which George resided throughout his military service. Such facts negative emancipation by military service.

---

[4]"It seems certain that the father cannot dictate how the expenditure of the sums awarded for the child's support shall be made, and that he cannot be credited for payments when he unnecessarily interposed and made himself a volunteer and the mother did not consent to such method of payment." *Steckler v. Steckler* (Mo. App.), 293 S. W. (2d) 129, 134.

[5]The respondent's position is supported by *Torras v. McDonald,* 196 Ga. 347, 26 S. E. (2d) 598, and *Peacock v. Peacock,* 212 Ga. 401, 93 S. E. (2d) 575 (June, 1956). On the other hand, the appellant's position is supported by *Swenson v. Swenson,* 241 Mo. App. 21, 227 S. W. (2d) 103, 20 A. L. R. (2d) 1409.

■ Error is assigned on the cross-appeal because of the trial court's refusal to order payments for July and August, 1949. Each installment became a judgment as it matured, but payment of installments cannot be enforced six years after accrual. *Mosher v. Mosher,* 25 Wn. (2d) 778, 172 P. (2d) 259; *St. Germain v. St. Germain,* 22 Wn. (2d) 744, 157 P. (2d) 981.

■ Respondent assigns error upon the refusal of the trial court to require support payments for two summer months of 1952, and asserts such was an oversight; but it does not appear that the trial court's attention was directed to the matter, nor does cross-appellant set out her proposed findings upon this subject as required by Rule on Appeal 42 (1) (f), 34A Wn. (2d) 45, as amended effective January 2, 1953, and Rule on Appeal 43, 34A Wn. (2d) 47, as amended effective January 2, 1953. It is now impossible to determine whether such omission was a mistake, but that question cannot be raised for the first time on appeal. *Bloomquist v. Buffelen Manufacturing Co.,* 47 Wn. (2d) 828, 831,[6] 289 P. (2d) 1041; *Brewster Cooperative Growers v. Brewster Orchards Corp.,* 21 Wn. (2d) 288, 150 P. (2d) 847.

■ Cross-appellant's assignment of error respecting the court's refusal to allow her attorney's fees is without merit. No question arises respecting the power of the court to award a wife a reasonable attorney's fee at any stage of a divorce action or in a proceeding ancillary thereto,[7] but it may not be amiss to recall that the primary factors are the need of the wife therefor and the financial ability of the husband to respond.[8] A wife is not entitled to free litigation.[9] If,

---

[6]"The appellants assign as error the entry of a judgment having an obvious omission. Appellants did not call the oversight to the trial court's attention and cannot raise it upon appeal for the first time. Appellants have not done their part in saving the lower court from error. *Rank v. Alaska S. S. Co.,* 45 Wn. (2d) 337, 274 P. (2d) 583."

[7]RCW 26.08.090; RCW 26.08.180.

[8]*Murray v. Murray,* 26 Wn. (2d) 370, 174 P. (2d) 296; *Duncan v. Duncan,* 25 Wn. (2d) 843, 172 P. (2d) 210.

[9]*Gibson v. Von Olnhausen,* 43 Wn. (2d) 803, 263 P. (2d) 954.

however, a wife is without funds, it is an abuse of discretion to deny.[10] Conversely, if the wife has money of her own, it is error to award attorney's fees.[11]

The complete answer to this assignment is that there is no showing of need. For ought that appears in the record, the cross-appellant may be very rich, or very poor, but this is not a guessing contest. There is nothing to review.

The order appealed from is affirmed on both appeals.

HILL, C. J., MALLERY, SCHWELLENBACH, DONWORTH, WEAVER, ROSELLINI, and OTT, JJ., concur.

FINLEY, J. (concurring in the result)—There is considerable conflict in the reasoning employed in the following two groups of cases:

    (a) *Bradley v. Fowler,* 30 Wn. (2d) 609, 192 P. (2d) 969, 2 A. L. R. (2d) 822;

        *State ex rel. Kibbe v. Rummel,* 36 Wn. (2d) 244, 217 P. (2d) 603;

    (b) *Gainsburg v. Garbarsky,* 157 Wash. 537, 289 Pac. 1000;

        *State ex rel. Meins v. Superior Court,* 159 Wash. 277, 292 Pac. 1011;

        *Ditmar v. Ditmar,* 48 Wn. (2d) 373, 293 P. (2d) 759.

The conflict may result from the significantly different fact patterns involved. This may be a sufficient explanation of the conflict. On the other hand, it does exist, and it is not resolved by closing our eyes and stating that it does not.

I believe that confusion as to the reasoning of the two lines of authoritative cases is increased by the decision in the instant case, because it over-emphasizes the reasoning in *Bradley v. Fowler, supra,* which stresses inflexibility and construes child-support provisions literally and strictly, irrespective of circumstances. In fact, language in the instant case, and in *Bradley and Kibbe (supra),* indicates

---

[10] *Krieger v. Krieger,* 133 Wash. 183, 233 Pac. 306.

[11] *Dilatush v. Dilatush,* 102 Wash. 504, 173 Pac. 431; *Van Gelder v. Van Gelder,* 61 Wash. 146, 112 Pac. 86.

that the only possibility of equitable relief is prospective through application to the courts and formal judicial action. The reasoning in *Gainsburg, Meins, and Ditmar (supra)* is contra.

Disenchanted ex-spouses will continuously have differences of opinion and perhaps real trouble regarding provisions in divorce decrees relating to child-support payments. Frequently, past inequities will affect present and future compliance with court orders respecting child support. It is the business of the courts to be available to hear and to attempt to adjust and to settle problems of child support, whether they have a past, present, or future connotation.

The arbitrary reasoning of the *Bradley* case is not conducive to practicable solutions for all child-support problems. Under the reasoning of the *Gainsburg, Meins,* and *Ditmar* cases *(supra)*, it is certain that troubles regarding child support could be adjusted practicably. Logically, this should lead to settlement with more finality. Obviously, I would prefer discounting *Bradley* and emphasizing the more flexible practicable and equitable principle of the other line of decisions.

On the facts in the instant case, I think the same result would be reached under either *Bradley* or the other line of cases. Consequently, I concur in the result reached by the majority herein.